# KIMM LAW FIRM

333 Sylvan Avenue, Suite 106  
Englewood Cliffs, New Jersey 07632  
Tel 201-569-2880  
Fax 201-569-2881

**PLEASE REPLY TO**  
**ENGLEWOOD CLIFFS**

214-25 42nd Avenue, Suite 2F  
Bayside, New York 11361

Email: msk@kimmlaw.com

June 22, 2018

By ECF

Hon. Claire C. Cecchi, USDJ  
United States District Court  
King Federal Building & Court House  
50 Walnut Street  
Newark, NJ 07102

    Re:    Baskerville v. Stapleton, 13-cv-1750-CCC  
               Baskerville v. Lanigan,  17-cv-5008-CCC  
               Baskerville v. Robinson, 18-cv-09873-CCC

Dear Judge Cecchi:

       We are counsel to Mr. Martin Luther Baskerville who is currently incarcerated at the Northern State Prison and is the petitioner/plaintiff in the three cases cited above, as well as a personal injury case known as Baskerville v. Jackson, 15-6463-CCC, for which he is represented by other counsel.

       For approximately 10 months, we have reviewed Mr. Baskerville's cases in New Jersey state and federal courts as well as the record of a New York homicide conviction in People v. Baskerville, Index No. 7717/98, in which Mr. Baskerville was convicted for the murder of an unknown individual on April 4, 1989.  Our review leads us to believe that, on April 4, 1989, Mr. Baskerville was incarcerated in New Jersey on a simple assault charge in which bail was revoked, and thus he could not have committed the New York homicide.

       Yet, due to his then-trial counsel's failure to raise an alibi defense or otherwise to reveal Mr. Baskerville's incarceration status at the time, the trial was a rubber stamp of Mr. Baskerville's guilt based upon perjured testimony, for which he was sentenced to various terms ranging from 7 to 20 years concurrently.

       After his New York trial was completed, Mr. Baskerville was extradited to New

Jersey to face armed robbery charges for which he was convicted and sentenced.

Over the past several years, representing himself, Mr. Baskerville has persuaded the New Jersey state courts that various procedural and other failures resulted in omitted jail credits, and, over several modifications the New Jersey Superior Court granted jail credits that now total approximately 1700 days.

Based upon the records that were obtained, mostly fortuitously, well after Mr. Baskerville's convictions in New York and in New Jersey, we are convinced that New Jersey officials withheld, lost, and otherwise prevented Mr. Baskerville's "arrested status" from being discovered by anyone and otherwise caused Mr. Baskerville to suffer prejudice.

In October 2017, we filed an appearance in Baskerville v. Stapleton and we were awaiting a decision from the New Jersey state appellate courts as to their handline of Mr. Baskerville's request to re-sentence him properly, rather than providing multiple post-hac credits. The Appellate Division denied relief in November 2017 and the NJ Supreme Court denied certification in March 2018.

On June 8, 2018, your Honor provided Mr. Baskerville with leave to refile his 2254 petition in Baskerville v. Robinson. We write to request that the Court consider consolidating the three docket numbers referenced above, and grant leave for us to file appropriate petitions by end of August.

Thank you for your consideration.

Respectfully,

/s/ Michael S. Kimm

Michael S. Kimm

MSK/jl