# Supreme Court of New Jersey

# No. 080436

---

STATE OF NEW JERSEY,

*Respondent,*

v.

MARTIN J. BASKERVILLE,

*Petitioner-Defendant,*

---

*On Petition for Certification from
Appellate Division Judgment filed
November 15, 2018*

---

## PETITION FOR CERTIFICATION

Michael S. Kimm, Esq.. (#053881991)
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
201-569-2880
*Attorneys for Petitioner*

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . 1

MATERIALS SUBMITTED . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF MATTERS INVOLVED . . . . . . . . . . . . . . 1

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . 2

ERRORS BELOW . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 3


I    THE LOWER COURTS ERRED BY NOT GRANTING BASKERVILLE'S
     MOTION FOR RE-SENTENCING AND CORRECTIVE SENTENCING TO THE
     PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN THE SENTENCE
     CONCURRENT TO HIS NEW YORK SENTENCE TO CORRECT THE GRAVE
     INJUSTICES WHICH HAVE BE INFLICTED ON DEFENDANT (Da 79;
     5T 14-1 to 8) . . . . . . . . . . . . . . . . . . . . . 3


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . 20

i

## TABLE OF AUTHORITIES

**CASES**

State v. Cummins,
    168 *N.J. Super.* 429, 433 (Law Div. 1979) . . . . . . . . 17

State v. McQuaid,
    147 *N.J.* 464, 482 (1997)   . . . . . . . . . . . . . . . . 7

State v. Rogers,
    124 *N.J.* 113 (1991)   . . . . . . . . . . . . . . . . . 14

State v. Ways,
    180 *N.J.* 171, 188 (2004)   . . . . . . . . . . . . . . . 7

Trantino v. N.J. State Parole Board,
    166 *N.J.* 113, 197 (2001)   . . . . . . . . . . . . . . . 10

**STATUTES & RULES**

N.J.S.A. 2C:12-1(b) . . . . . . . . . . . . . . . . . . . . 3

N.J.S.A. 2C:15-1 . . . . . . . . . . . . . . . . . . . . . 3

N.J.S.A. 2C:29-2 . . . . . . . . . . . . . . . . . . . . . 3

## PRELIMINARY STATEMENT

Martin Baskerville (Baskerville) respectfully submits this petition in support of a review of the judgment of the Appellate Court, filed November 15, 2017.

The Appellate Division erred in affirming the Law Division's repeated failures to issue an amended judgment after repeatedly modifying Mr. Baskerville's sentence following numerous corrections of his jail credits.

## MATERIALS SUBMITTED

Petitioner has submitted a Brief and Appendix filed in the Appellate Division, by his prior counsel Nancy Ferro, Esq. We respectfully rely on those documents for the lead-in discussion of the current situation.

## STATEMENT OF MATTERS INVOLVED

This petition involves an erroneous denial a defendant's right to have a correct sentence after the State lost papers or otherwise prevented the trial judge from properly perceiving the extent of the jail credits due him. There is not dispute that the judgment was effectively modified several times because Mr. Baskerville was granted retroactive jail credits several times. The total jail credits Mr. Baskerville has received is 1,830.

The decisions below require the Supreme Court's direct intervention to set straight the issue of the State's failure to provide the trial court with accurate records from the Sheriff's

1

Office as to a defendant's actual jail incarceration periods, rather than piecemeal, which resulted in his prejudicially being saddled with more jail time that he otherwise should have been issued.

## QUESTIONS PRESENTED

1. Where, as here, the State had lost accurate imprisonment records, and several successive proceedings revealed the "lost" records in piecemeal fashion, resulting in Baskerville's repeated jail credit enhancements, did the courts below err by failing to issue re-sentence Baskerville to the correct term based upon the correct information that became available to the State and thereafter to the courts?

## ERRORS BELOW

1. The Appellate Division committed reversible error denying Appellant's appeal and refusing his request to be re-sentenced at the correct term, based upon the shocking acknowledgment that his original and amended sentence packed 1,830 more days than was legally tenable.

## ARGUMENT

### I

**THE LOWER COURTS ERRED BY NOT GRANTING BASKERVILLE'S MOTION FOR RE-SENTENCING AND CORRECTIVE SENTENCING TO THE PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN THE SENTENCE CONCURRENT TO HIS NEW YORK SENTENCE TO CORRECT THE GRAVE INJUSTICES WHICH HAVE BE INFLICTED ON DEFENDANT (Da 79; 5T 14-1 to 8)**

Mr. Baskerville is seeking simple justice.  He has prevailed in multiple requests to correct the jail credit times below.

He was arrested in New Jersey in December 1987 and charged with the following offenses: armed robbery, aggravated assault and resisting arrest. Prior to trial on those charges, according to the Bergen County Sheriff's Department, Baskerville was incarcerated in Bergen County Jail for several periods of time:

first: 12/25/87 to 5/7/88;

second: 10/14/88 to 2/27/89 and

third: 2/28/89 to 8/15/89.

On April 11, 1988, a Bergen County Grand Jury returned a thirteen count indictment, S-524-88 against multiple defendants. In that indictment the Grand Jury charged Baskerville with armed robbery in violation of N.J.S.A. 2C:15-1; resisting arrest in violation of N.J.S.A. 2C:12-1(b) and aggravated assault in violation of N.J.S.A. 2C:29-2 (Da 1).

While awaiting trial in the custody of the Bergen County Jail, a complaint for a homicide from the State of New York was filed

3

against Baskerville and a Fugitive from Justice Warrant was issued against him (Da 51). On August 15, 1989, Baskerville was extradited to the State of New York.

The New York homicide charge stemmed from the death of an individual on April 4, 1989 (3T 9-22 to 11-9). As the Court can readily see, among the three sets of dates listed on the previous page, supra, the third set of dates (third: 2/28/89 to 8/15/89) shows that Mr. Baskerville had been incarcerated in Bergen County awaiting trial when he was accused of homicide on April 4, 1989, directly in the middle of his Bergen County incarceration.

On November 21, 1990, Mr. Baskerville was found guilty of second degree murder and sentenced in New York to a term of sixteen years to life which was subsequently amended several years later to 15 years to life. The reason he was found guilty was that he was unable to prove he had been "in jail" and hence unable to commit the offense.

In January 1993, Baskerville was returned to New Jersey pursuant to an Interstate Agreement on Detainers. Baskerville had a jury trial and on July 1, 1993, he was found guilty of armed robbery in the first degree, aggravated assault in the fourth degree and resisting arrest in the fourth degree. Baskerville was sentenced on August 31, 1993 to a term of twenty years for armed robbery and concurrent sentences of eighteen months each for aggravated assault and resisting arrest (Da 8). This sentence was

4

made consecutive to the New York sentence. In September 1993, Baskerville was returned to New York to complete the New York sentence.

On May 23, 1994, an Amended Judgment of Conviction was entered awarding Baskerville 104 days of jail credit (Da 10).

Baskerville appealed the New Jersey Judgment of Conviction which was affirmed on October 30,1996; however it was remanded for the awarding of jail credits (Da 12).

On December 14, 2010, Baskerville was returned to the Bergen County Jail and thereafter transferred to Craft Reception facility for evaluation and classification.     In January, 2011, he was transported to Northern State Prison where he began serving his New Jersey sentence.

Pursuant to a motion for jail credits as permitted by the Appellate Division decision of October 30, 1996, Baskerville was awarded 500 days of jail credits on November 28, 2011 (Da 23).

In 2014, Baskerville filed a motion to reconsider the sentence, award additional jail credits, and reconsideration of the presumptive term of fifteen years to run concurrent with his New York and other relief (Da 26). The court heard argument on February 9, May 4, July 22 and September 28, 2015. The prosecutor agreed with the number of jail credits claimed by Baskerville which totaled 1,693 days.

The court gave a ruling at the conclusion of the argument. By

order dated November 2, 2015, the court awarded Baskerville 1,693 actual and equitable jail credits as agreed to by both parties and ordered the requested corrections in the Pre-sentence Report (Da 79). However, the court did not re-sentence Baskerville to the presumptive term of 15 years nor did the court run the New Jersey sentence concurrent to the New York sentence as requested on the basis that the New York conviction should first be overturned. An Amended Judgment of Conviction was entered after Baskerville had filed his fourth motion seeking additional jail credits on March 21, 2015 awarding a total of 1,830 days of jail credit comprised of 1,693 awarded by the motion judge plus previously awarded jail credits (Da 91). Baskerville filed a Notice of Appeal on or about January 13, 2016 which was allowed to filed Nunc pro Tunc (Da 84 and Da 86).

The trial court's refusal to re-sentence Baskerville was error for a number of reasons.

The failure of the courts in the past to grant actual jail credits was extremely prejudicial to Baskerville. If the actual dates he had spent in Bergen County Jail had been set forth at his sentencing in 1993 and incorporated into the Judgment of Conviction, this would have demonstrated that he was incarcerated in Bergen County Jail at the time the crimes occurred in New York for which Baskerville was unlawfully convicted. This is required to show that Mr. Baskerville was in jail, i.e., possessed of alibi,

6

as to the homicide charge in New York. (While an indirect, "jail credit" can also serve this purpose, it requires multiple documents be construed, rather than a single document showing that which should have been shown from the very outset, and this error is chargeable to the State.)

Baskerville explained to the court why this fact was not raised at his New York trial:

> ...when I went to trial my lawyer said Bergen County said they never heard of you. And if you get up on the stand and testify that you were in jail and we don't have any records to prove it you're going to be found guilty because they're going to think you're a liar...Well, now I have the records.
> (2T 11-2 to 9)

The fact that many years have elapsed should not be a reason to avoid addressing this situation. Our Supreme Court pointed this out in State v. Ways, 180 *N.J.* 171, 188 (2004): "However difficult the process of review, the passage of time must not be a bar to assessing the validity of a verdict that is case in doubt by evidence suggesting defendant may be innocent."

Similarly in State v. McQuaid, 147 *N.J.* 464, 482 (1997), the Court pointed out that post-conviction proceedings represent a safeguard which ensures that a defendant was not injustly convicted by providing a means to challenge the legality of a sentence or Final Judgment of Conviction which could not have been raised on direct appeal.

On the motion, Baskerville presented uncontroverted documentation proving that he was incarcerated in the Bergen County

Jail on April 4, 1989, the date of the New York homicide. He presented a letter from Lt. James Stapleton of     the Office of the Bergen County Sheriff dated August 15, 2006 stating that Baskerville was incarcerated in the Bergen County Jail on several dates including February 28, 1989 through August 15, 1989 (Da 48). An investigator also ascertained from Sgt. Steven Ahrendt from the Bergen County Jail Records Department, that Baskerville was incarcerated in the Bergen County Jail from February 28, 1989 to June 28, 1989 (Da 49, Da 50).

Sara Gurwitch, supervising attorney of the Appellate Defender in New York called the Bergen County Jail and spoke with Sgt. Ahrendt who checked the computer system and informed her that Baskerville was incarcerated at the Bergen County Jail from February 28, 1989 through June 28, 1989 (Da 45). He was charged with committing a homicide on April 4, 1989 (3T 9-22 to 11-9), directly in the middle of his New Jersey incarceration. His New York attorney could not prove these simple facts, and it took Mr. Baskerville himself several years of applications in the New Jersey courts, to establish these facts because the Bergen County Sheriff allegedly lost those 1989 jail records due to a "flood."

On his motion below, Baskerville argued that his New Jersey sentence should be amended to run concurrent with the New York sentence which he completed after serving twenty-two years before being granted parole and his New Jersey sentence should be changed

8

to the presumptive term of fifteen years.

Another factor which illustrates this unjust situation is that Baskerville was hindered, impeded and frustrated by the Bergen County Prosecutor's Office, raising the reasonable inference, under all the circumstances, that Baskerville's return to the State of New Jersey was intentionally delayed.  Given the charges pending against him, both in New Jersey and in New Jersey, law enforcement professionals could well have deemed him a serious offender and even a "murderer" which he was not.

This placed Baskerville at a disadvantage by preventing him from receiving the plea agreement of five years and securing jail credits which would have changed the outcome of his New York and New Jersey sentences which were interrelated (3T 6-23 to 8-5).

This was palpably prejudicial to Baskerville because, when he was finally returned to New Jersey for trial in 1993, he was sentenced to the maximum term of twenty years to run consecutive to the unlawful New York sentence, which could not be defended because the New Jersey's jail records were either lost due to "flooding" or destroyed due to sinister actions.

The New Jersey sentence was very much dependent on his prior record of the conviction for the New York homicide.  Baskerville was caught in this Catch 22 scenario, where to prove his entitlement to a lesser sentence, he had to be rid of the New York "prior," but to prove his non-involvement in the New York prior, he

9

needed accurate records of his incarceration in New Jersey, which were flagrantly denied to him.

Clearly, if Baskerville would have been in possession of the 1,693 days of jail credit related documentation, there is no doubt that he would have been able to present legal foundation for a concurrent sentence as being incarcerated in the Bergen County Jail when the alleged homicide in New York was to have occurred on April 4, 1989 (3T 9-22 to 11-9).

In fact, the failure of the sentencing judge in 1993 to properly apply the actual and equitable jail credit caused irreparable harm based on the premise that Baskerville had a liberty interest of being considered for parole release consideration once he had served the punitive aspect of his sentence.

An inmate has a constitutionally protected right to be considered for parole, Trantino v. N.J. State Parole Board, 166 N.J. 113, 197 (2001).

In the instant case, Baskerville was awarded 1,693 days by the court on September of 2015 after Baskerville had already served the punitive aspect of his twenty year sentence and appeared before the New Jersey Parole Board, who denied his release and set a future eligibility term of 120 months in 2014, based, again, on the New York conviction. It was also based on error in his Pre-sentence Report incorrectly stating that there were two co-defendants on the

indictment who were charged attempted murder which had nothing to do with Baskerville in the charged crime (Da 1).

Baskerville had raised this issue during the 1993 sentencing, but the sentencing court totally disregarded Baskerville's objections to the alleged co-defendants in his Indictment and Pre-sentencing Report (1T 16-1 to 20; Da 1). However, the incorrect information was still contained in the Pre-sentence Report, Parole files and Indictment.

The court below tried to partially rectify the situation by awarding Baskerville jail credits of 1,693 days and by amending the Pre-sentence Report to correct the errors.

However, the court below denied Baskerville's application to reconsider the sentence by running it concurrent to the New York sentence and sentencing Baskerville to the presumptive of fifteen years. Thus the court below did not correct the grave injustice which had already been visited upon Baskerville.

Baskerville was found guilty in New York and was sentenced to sixteen years to life. He completed his sentence by serving twenty-two years in New York, before being paroled to New Jersey.

During this period Baskerville filed two Interstate Agreements on Detainers prior to being found guilty in New York, in order to return to New Jersey, so that he could secure documentary proof of his being in the custody of New Jersey authorities when the alleged murder was to have occurred on April 4, 1989. His New York attorney

11

failed to do this task and in part the problem was caused by the Bergen County Sheriff's Office having lost the 1989 jail/incarceration records of Mr. Baskerville.

The Detainers were not acted upon by New Jersey and Baskerville was not returned to New Jersey until 1993 despite the signing of the Interstate Agreements in 1990 and 1992.

In 2014, Baskerville moved for reconsideration of his New Jersey sentence based on the grounds that he was entitled to a substantial amount of jail credits which would change his future eligibility date and release from prison. Baskerville explained that the dates of his jail credits would show that he was incarcerated in Bergen County Jail on the date of the New York homicide for which he had been convicted.  He was correct as Bergen County jail and court records would ultimately reveal.

Baskerville submitted documentation attesting to the dates he had been incarcerated in Bergen County Jail. Baskerville explained his difficulty in obtaining the documentation which was caused by the Bergen County Prosecutor's Offices failure to act on the two Interstate Agreements of Detainer filed in 1990 and 1992 and Baskerville was not returned until 1993. Later it was alleged that a flood had occurred which destroyed some records and his files were misplaced. Baskerville was finally able to obtain records proving that he was, in fact, incarcerated in Bergen County Jail on April 4, 1989, when the New York homicide was committed.

The court awarded Baskerville jail credits for the period of time which encompasses the date of April 4, 1989, on which the New York homicide was committed (by someone else, of course).

The second issue raised and argued by Baskerville was that his New Jersey sentence of twenty years was made consecutive to the New York sentence of sixteen years to life. Baskerville completed his New York sentence by serving twenty-two years before returning to New Jersey for his twenty year sentence. He argued that his New Jersey sentence should be amended to run concurrent with the New York sentence. Baskerville further argued that he should be re-sentenced in New Jersey to the presumptive term of years in the interest of justice.

Moreover, Baskerville was not given the opportunity to present a legal foundation for a concurrent sentence based on the premise of being in the custody of New Jersey authorities when the New York homicide allegedly occurred. Also he was not given the opportunity to accept the five year plea agreement offered by Bergen County Prosecutor's Office. This was extremely prejudicial since, when he was finally returned to New Jersey for trial in 1993, he was sentenced to the maximum term of twenty years, which was very much dependent on his prior record of the conviction for the New York homicide.

The third issue is that the New Jersey Parole Board gave Baskerville a future eligibility term of 120 months based again, on

13

the New York conviction and errors in his Pre-sentence Report incorrectly stating that there were two co-defendants on the New Jersey indictment who were charged with attempted murder unrelated to Baskerville. He had raised this issue prior to being sentenced. However, the erroneous information was never removed from his Pre-sentence Report. The court below partially rectified the situation by awarding Baskerville jail credits of 1,693 days in addition to previously awarded jail credits and by amending the Pre-sentence Report to correct the errors.

In this case, concurrent sentences would clearly not result in defendant benefitting from a "free crime. In State v. Rogers, 124 N.J. 113 (1991) the Court noted that concurrent sentences have not been eliminated from the sentencing structure set forth in the Code. Here, defendant was unjustly convicted of the New York homicide and, in any event, has already served time for it. Thus, giving defendant a concurrent sentence would not violate the principle of "no free crime".

Defendant also explained that he had encountered obstacles with the Parole Board because of the errors. In fact, every time he went for parole in New York, the New Jersey conviction was used against him and when he went to the New Jersey Parole Board the New York conviction was held against him (5T 9-4 to 22).

It is unrealistic to believe at this stage in the proceeding that defendant will ever be made whole again. In light of the fact

14

that he has already served twenty-two years for a crime that occurred on April 4, 1989, while in the Bergen County Jail. The court's failure to award jail credits deprived defendant of a legal foundation for a concurrent term and has caused him to serve a sentence beyond the required guidelines as the New Jersey sentence was made to run consecutive to an unjust New York conviction.

This Court is urged to remand this case for re-sentencing to partially undue the grave injustices which have victimized the defendant through no fault of his own.

Defendant consistently exercised due diligence and held the position of actual innocence of the New York homicide throughout this long process. As any innocent person, wrongfully convicted would protest, defendant repeatedly maintained that he could not have committed the New York homicide but was not able to prove it until finally obtaining the documentation. Defendant explained to the court:

> ...I never once veered away from telling the truth that I was in jail. And who would make that story up because it could be so easily be disproven.
> (2T 10-23 to 22-1),

Defendant also explained, that in a prior PCR hearing, the court had told him that he needed a legal foundation for a concurrent sentence and defendant explained to this court that he now had presented the legal foundation:

> He [the court] also told me, in the PCR hearing, he said if you give me a legal foundation for a concurrent sentence I would consider it. And that motion is right here. And the

15

legal foundation were the jail credits that eluded me. If I would've had the jail credits not only would my direct appeal in New York had been different but my sentence would've been also.
(2T 11-10 to 17).

Defendant encountered a number of obstacles which prevented him from obtaining the necessary proof to present to the court regarding his actual innocence claim that he was incarcerated in New Jersey at the exact time of the New York homicide. Nevertheless he persevered. Defendant should not be penalized for delays which were beyond his control, especially since the delay in returning the defendant pursuant to an Interstate Agreement falls squarely on the Bergen county Prosecutor's Office (Da 32 to 33).

Defendant presented to the court below a fair solution which would make him whole at this time:

Your Honor, if you would allow me to have the 15 year sentence, the presumptive time, because I'm not arguing my innocence or guilt all over again with regard to S-424-88. But if you would allow me to be resentenced to the 15 years and give the three years [in jail credits] that I wanted to come back to prove my innocence and run my sentence concurrent and allow me to go back to New York so I can prove my actual innocence.
(3T 9-22 to 10-4)

The Court should reverse and remand this matter for re-sentencing expressly directing the lower court to make defendant's New Jersey sentence concurrent to the New York sentence instead of consecutive and re-sentencing defendant to the presumptive term of fifteen years. Although defendant will not be made completely whole, he at least will not suffer prejudice by

16

continuing to be incarcerated far beyond what is lawful. This is a case of clear injustice that can be, and must be, rectified to address a "manifestly unjust conviction." This kind of error must be remedied at any stage, even after it becomes "moot" because it can never been deemed moot. See State v. Cummins, 168 *N.J. Super.* 429, 433 (Law Div. 1979) (a "manifestly unjust conviction" of an innocent person, "should be set aside at any time.").

Here, the lower courts' decisions not to revisit the application for re-sentencing was based on defendant not having his New York conviction overturned first which was completely unreasonable on the facts (5G 14-1 to 8).

New Jersey had the original jurisdiction over the defendant and maintained that jurisdiction right up to the time he was returned to begin his twenty year sentence. The State of New Jersey was responsible for the care, custody and control of Baskerville and his records. However these records were lost in an alleged flood and the files were misplaced. They were recovered by Baskerville himself, following a relentless search lasting more than two decades. Furthermore, it was the New Jersey authorities who were responsible for the mishandling of Baskerville's records and because of their mishandling of his records, he was convicted of a crime that he could not have committed while in their custody. What greater injustice could a defendant endure?

In direct contravention with the awarding of jail credits that

clearly establishes that Baskerville was in the custody of the Bergen County Jail when the New York homicide occurred, the motion judge expected Baskerville to overcome a hurdle that was created by New Jersey authorities. Importantly, the cumulative effect of the sentencing errors caused a domino effect of prejudice to Baskerville. If Baskerville had been awarded the 1,830 days of jail credits at sentencing, he would have been immediately eligible for parole release consideration as early as 1993. This is based on the fact that Baskerville would have already served the punitive aspect of his twenty year sentence which would have been three years, eleven months and twenty-three days since Baskerville had more than five years of jail credit owed (Da 81).

In view of the injustices inflicted upon Baskerville and since the court accepted as valid the jail credits which included the date on which the New York homicide occurred, the court erred in refusing to re-sentence Baskerville to undo, to a certain extent, these injustices.

18

## CONCLUSION

Wherefore, the Court should reverse and remand for the trial court to re-sentence Mr. Baskerville to the presumptive term of fifteen years and run the sentence concurrent with the New York sentence, in the interest of basic fairness and of justice.


Dated: February 5, 2018          Respectfully submitted,

                                 _____
                                 Michael S. Kimm
                                 Attorney for Petitioner-Defendant

19

Certificate of Service

Michael S. Kimm Esq. certifies that the foregoing Petition was served by mail to all respondents as follows:

Original and four copies to:
        Clerk, Supreme Court
        25 West Market Street
        Trenton, NJ 08625

Two copies to:

        Clerk, Appellate Division
        25 West Market Street
        Trenton, NJ 07625

Two copies to:

        AP Ian Kennedy
        Prosecutor's Office
        2 Bergen County Plaza
        Hackensack, NJ 07601

Dated: February 5, 2018

_____
Michael S. Kimm

20