```
                                    UNITED STATES DISTRICT COURT
                                    DISTRICT OF NEW JERSEY
                                    CIVIL ACTION NO.: 18-9873 (CCC)


MARTIN LUTHER BASKERVILLE, JR.,  :

   Petitioner-Respondent,        :   CIVIL ACTION

v.                               :   MOTION TO DISMISS PETITION
                                     FOR WRIT OF HABEAS CORPUS
GEORGE ROBINSON, et al.,         :

   Respondents-Movants.          :   BEFORE:
                                     HON. CLAIRE C. CECCHI, U.S.D.J.
```

### RESPONDENTS-MOVANTS' REPLY BRIEF IN SUPPORT OF
### MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

```
                              DENNIS CALO
                              ACTING BERGEN COUNTY PROSECUTOR
                              ATTORNEY FOR RESPONDENTS-MOVANTS
                              TWO BERGEN COUNTY PLAZA
                              HACKENSACK, NEW JERSEY 07601
                              (201) 646-2300
```

IAN C. KENNEDY
SPECIAL DEPUTY ATTORNEY GENERAL
ACTING ASSISTANT PROSECUTOR
BERGEN COUNTY PROSECUTOR'S OFFICE
ATTORNEY ID NUMBER IK0092
ikennedy@bcpo.net

   OF COUNSEL AND ON THE BRIEF

# TABLE OF CONTENTS

|   | PAGE |
|---|---|
| STATEMENT OF THE MATTER. . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 |

POINT I

DEFENDANT'S SECOND HABEAS CORPUS PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED BEYOND THE ONE-YEAR LIMITATION IN 28 U.S.C. § 2244(d)(1); IT SHOULD ALSO BE DISMISSED OR TRANSFERRED TO THE THIRD CIRCUIT COURT OF APPEALS BECAUSE PETITIONER HAS NOT RECEIVED PERMISSION TO FILE A SECOND OR SUBSEQUENT HABEAS CORPUS PETITION . . . . . . . . . 5

A. Defendant's Second Petition is a Second Petition . . . . 5

B. The Exceptions for Second Petitions Do Not Apply and Should Be Presented to the Third Circuit Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . 7

C. Defendant's Claims Fall Woefully Short of the Standard for Establishing Actual Innocence . . . . . . . . . . . . 8

D. Defendant's Second Petition is Woefully Out of Time . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF CITATIONS

### Cases

Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005). . . . . . . . . . . . . 6
Magwood v. Patterson, 561 U.S. 320 (2010). . . . . . . . . . . . . . . . . 7
McQuiggin v. Perkins, 569 U.S. 383 (2013). . . . . . . . . . . . . . . 9, 11
Slack v. McDaniel, 529 U.S. 473 (2000). . . . . . . . . . . . . . . . . . 6

### Statutes

28 U.S.C. § 2244(b)(2)(B). . . . . . . . . . . . . . . . . . . . . . . 7, 8
28 U.S.C. § 2244(d)(1). . . . . . . . . . . . . . . . . . . . . . . . 5, 12

**STATEMENT OF THE MATTER**

Respondents rely on the Statement of the Matter as set forth in our submission on December 5, 2018. (ECF #13-1). However, the hollow claims of "actual innocence" presented in defendant's opposition warrant a factual response.

Defendant's opposition brief contends that the award of jail credits to him on October 1, 2015 by a New Jersey trial court "effectively proved that he was in the custody of the State of New Jersey on April 4, 1989, the date he was alleged to have committed the New York homicide." (ECF #20 at 5). Defendant's opposition brief fails to contend with the numerous sources, all of which were attached by defendant to his own submission, that vitiate his woefully belated alibi claim.

First, as respondents already pointed out in the motion to dismiss, (ECF #13-1 at 10 n.2), defendant admitted in 1993 at his sentencing hearing for his New Jersey convictions that he posted bail in New Jersey on "March 11th of '89, and . . . was re-arrested June 28th, '89." (ECF #13-5 at 3 to 4; ECF #21-3 at 84). Indeed, defendant and his counsel repeatedly told the court that defendant was released from Bergen County Jail in "March of '89." (ECF #13-5 at 3; ECF #21-3 at 83 to 84).

Second, the testimony adduced at a pretrial hearing in defendant's 1990 New York murder trial is consistent with the timeline that defendant provided to the court in 1993. A New

1

Case 2:18-cv-09873-CCC   Document 23   Filed 04/01/19   Page 4 of 15 PageID: 2070

York City Police Department (NYPD) detective testified that on April 6, 1989, he interviewed suspects regarding the New York murder at the Hackensack police headquarters. (ECF #21-2 at 36 to 37). Those suspects implicated defendant, but the police could not locate defendant as he was not in custody with the other suspects. (ECF #21-2 at 36 to 38). The NYPD detective filed a "wanted card" that would alert out-of-state law enforcement authorities that the NYPD wanted to speak to defendant if he was taken into custody. (ECF #21-2 at 39). On June 28, 1989, the Bergen County Prosecutor's Office (BCPO) notified the NYPD detective that defendant was in custody and incarcerated in the Bergen County Jail in Hackensack. (ECF #21-2 at 39). When the detective arrived, a BCPO assistant prosecutor notified him that defendant had turned himself in on a bench warrant related to a domestic-violence case. (ECF #21-2 at 40 to 41).

Third, the transcripts of defendant's 1990 New York murder trial show that when the NYPD detective interviewed defendant on June 28, 1989, defendant claimed to have an alibi on the date of the murder – but that alibi had nothing to do with being in the Bergen County Jail. Rather, defendant told the NYPD detective that during the afternoon and evening of the murder, he was in Hackensack at Leon's Bar and at the Stagecoach Hotel with Brenda

Bates. (ECF #21-4 at 435).[1] He told the detective to "check with Brenda Bates and she will tell you where I was the night of the shooting." (ECF #21-4 at 440).

Fourth, the trial transcripts of defendant's 1990 New York murder trial established that no less than five witnesses testified that they saw defendant in public on April 4, 1989; they did not see him in jail. Those witnesses that saw defendant (not in jail) on April 4, 1989, include Brenda Bates (ECF #21-4 at 232 to 33), Charnell Bates (ECF #21-4 at 128), Kenneth Robinson (ECF #21-4 at 323 to 24), Vanessa Perry (ECF #21-4 at 254), and Clifton McCloud (ECF #21-4 at 306).[2]

Fifth, respondents cannot find – and defendant does not point to – any reference in the 1990 New York murder trial to defendant being in Bergen County Jail on the day of the murder in New York. Instead, every reference to defendant's whereabouts – including defendant's alibi provided to an NYPD detective – reveal that he was <u>not</u> in Bergen County Jail.

In contrast to this compelling evidence cutting against defendant's claim of actual innocence, there is a paucity of

---

[1] Defendant told the NYPD detective that his friend was released from the hospital on the day he went to Leon's Bar and the Stagecoach Hotel, which the trial record established was on April 4, 1989. (ECF #21-4 at 409).

[2] Defense counsel's certification does mention that three of these witnesses saw defendant on the day of the murder. (ECF #21-1 at 21, 23).

3

evidence supporting it. Defendant cites to two letters about jail credits that defendant's investigator and attorney apparently received more than fifteen years after the New York murder. (ECF #21-2 at 20, 79; ECF #21-5 at 6). However, these records do not prove his innocence.

Assuming without conceding that these records are authentic, in light of the substantial countervailing evidence, all these records prove is a clerical error. Defendant apparently seized on the clerical error, spun it into a fabricated claim of innocence, and spawned frivolous litigation in New Jersey about a now three-decades-old conviction in New York.

Defendant also cites to a New Jersey Superior Court judge's decision to award defendant jail credit on the day that he was convicted for committing the murder in New York. But this does not prove defendant's innocence. The judge did not review the record of defendant's trial in New York and determine he was innocent. He simply awarded jail credit based on the documentation presented to him. In fact, he expressly told defendant that further relief by the Court could be revisited only if defendant's New York conviction was vacated. (ECF #21-4 at 9).

Once final unrelated factual point. Defendant was released from New Jersey State Prison on March 5, 2019 without any parole

4

conditions. (ECF #22). Defendant's opposition fails to identify the relief he is now seeking on this habeas petition in light of this development. Respondents will address why defendant's habeas claim is now moot if this Court seeks briefing on the issue, but will refrain from advancing the argument for the first time in a reply brief.

## LEGAL ARGUMENT

### POINT I

**DEFENDANT'S SECOND HABEAS CORPUS PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED BEYOND THE ONE-YEAR LIMITATION IN 28 U.S.C. § 2244(d)(1); IT SHOULD ALSO BE DISMISSED OR TRANSFERRED TO THE THIRD CIRCUIT COURT OF APPEALS BECAUSE PETITIONER HAS NOT RECEIVED PERMISSION TO FILE A SECOND OR SUBSEQUENT HABEAS CORPUS PETITION.**

Respondents disagree with virtually every assertion in defendant's opposition. This is because defendant's petition is most certainly a second petition; defendant does not fit into any of the exceptions for filing second petitions; defendant's claim of actual innocence is woefully inadequate to overcome any procedural bar; and defendant has no excuse for not having pursued his alibi claim thirty years ago.

This Court should summarily dismiss defendant's second petition as untimely; alternatively, the petition should be dismissed or transferred to the Third Circuit Court of Appeals because defendant did not receive permission to file a second petition.

    A.   <u>Defendant's Second Petition is a Second Petition</u>

Perhaps because defendant did not disclose to this Court that he had previously filed a petition United States District Court Judge Katharine S. Hayden dismissed as untimely in 2005, (ECF #6 at 13), defendant incorrectly argues that his second petition "is not considered" a second petition. It is a second petition within the meaning of the Antiterrorism and Effective Death Penalty Act (AEDPA) because the claim had arisen and could have been raised before he filed his first petition. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005). If defendant had been in Bergen County Jail on April 4, 1989, he should have raised that claim during his trial and immediately upon his conviction. He certainly had time to raise it before he filed his first petition for writ of habeas corpus in New Jersey more than 14 years later on December 31, 2003. (ECF #13-1 at 6).

Defendant's citations to Slack v. McDaniel, 529 U.S. 473 (2000), is misplaced. McDaniel addresses a dismissal for failure to exhaust State remedies, where the first petition was dismissed without prejudice to refile. Id. at 489. Judge Hayden dismissed defendant's first petition on timeliness grounds, and thus properly found it was dismissed with prejudice. (ECF #13-2 at 3)

Defendant's citation to Magwood v. Patterson, 561 U.S. 320, 342 (2010), is also unavailing. In Magwood, the defendant

6

prevailed in his first habeas petition resulting in a resentence, and the Supreme Court held that the defendant's subsequent petition regarding the resentencing proceeding was not a second petition. Id. at 323-24. Defendant here was never resentenced in a plenary sentencing hearing; his jail credits were adjusted. The factual predicate for his habeas challenge existed long before his jail credits were adjusted in his favor.

    B.    <u>The Exceptions for Second Petitions Do Not Apply and Should Be Presented to the Third Circuit Court of Appeals</u>

Defendant also seeks refuge in the exception for filing second petitions. Specifically, defendant claims that he can present a second petition because he satisfies both prongs of the exception set forth in 28 U.S.C. § 2244(b)(2)(B). Thus, he claims that

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As previously stated, defendant has known about the factual predicate since 1989; he does not provide any competent support detailing the steps he has taken since that date to show he diligently pursued the alibi claim. Defendant points to an

7

apparent request by an investigator in 2004 regarding defendant's jail credits and another request by a lawyer in 2006. (ECF #21-2 at 20, 79; ECF #21-5 at 6).[3] Assuming the authenticity of the records, stumbling on a clerical error responding to a request for jail credit information fifteen years after a conviction is not "due diligence" within the meaning of 28 U.S.C. § 2244(b)(2)(B)(i). Nor do such clerical errors prove anything by clear and convincing evidence under the second prong. See 28 U.S.C. § 2244(b)(2)(B)(ii); see also Respondents' Point I.C., infra.

But, in any event, as argued in respondents' motion to dismiss, this Court's options for erroneously filed second petitions is to dismiss it or transfer it to the Third Circuit Court of Appeals. (ECF #13-1 at 13).

    C.   <u>Defendant's Claims Fall Woefully Short of the Standard for Establishing Actual Innocence</u>

Respondents of course recognize that a convincing showing of actual innocence may enable habeas petitioners to overcome a procedural bar and allow consideration on the merits of a constitutional claim. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386

---

[3] Though not discussed in his opposition, counsel's certification also highlights general assertions defendant made in 2015 about alleged efforts in 1989 and thereafter to establish his alibi. (ECF #21-1 at 10 to 15). For the reasons more fully discussed in <u>Point I.C.</u>, infra, these self-serving statements made more than two-and-a-half decades later are unpersuasive.

8

(2013). However, that standard is an exceedingly demanding one: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. The delay in the timing of a petition, while never dispositive, may "seriously undermine the credibility of the actual-innocence claim." Id. at 400.

Before even addressing the merits of defendant's claim, respondents urge that application of the actual-innocence doctrine here is misplaced. McQuiggin and its antecedents involve habeas petitioners claiming actual innocence regarding the convictions on which they are imprisoned. Here, defendant makes no claim of actual innocence for the robbery, aggravated assault, and resisting convictions that he committed in New Jersey – the convictions for which he was serving a sentence at the time he filed this second habeas petition. He is claiming actual innocence regarding his 1990 convictions for murder and related offenses in New York. This is not the kind of claim of innocence contemplated by McQuiggin.

More practically, while respondents have access to defendant's records of his prosecution in New Jersey because the State prosecuted him in this jurisdiction, we do not have the same access to the records of his prosecution in New York.

9

Thus, in contrast to a properly presented claim of actual innocence, we are at a disadvantage in defending defendant's 30-year-old New York convictions.  Defendant is attacking a New York conviction that should have been – and perhaps still could be – challenged in New York.  Defendant should make his claim of actual innocence there.

Nevertheless, respondents urge that there is overwhelming evidence that defendant was not in the Bergen County Jail on the date he committed the murder in New York on April 4, 1989: five witnesses testified in defendant's New York trial that they saw him in Hackensack or Englewood on that date (not in the Bergen County Jail); defendant told an NYPD detective in 1989 that he was in Hackensack on the date of the murder (not in the Bergen County Jail); and defendant told the New Jersey sentencing court in 1993 that he posted bail in Bergen County Superior Court on "March 11th of '89, and . . . was re-arrested June 28th, '89." (ECF #13-5 at 3 to 4).

Consistent with defendant's recitation of his incarceration history, the NYPD detective testified at a pretrial hearing in defendant's New York trial that he interviewed defendant on June 28, 1989 after the BCPO informed the detective that defendant had turned himself into authorities on an unrelated matter.

In stark contrast to this substantially contemporaneous evidence debunking defendant's alibi are two letters that

defendant's investigator and attorney received more than fifteen years after the New York murder. These records do not meet the standard in McQuiggin. It comes nowhere near challenging the validity of his conviction such that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386.

This is especially true given the unaccounted for delay in filing the petition, which the Supreme Court found may "seriously undermine the credibility of the actual-innocence claim." Id. at 400. All defendant can point to establishing his diligence are general assertions in 2015 about alleged efforts that he made back in 1989 and the following years. (ECF #21-1 at 10 to 15). He does not identify a single contemporaneous (or substantially contemporaneous) record where he asserted the alibi that he was in the Bergen County Jail on the date of the murder in New York. Indeed, even in 1993, defendant told the sentencing court that he posted bail in New Jersey on "March 11th of '89, and . . . was re-arrested June 28th, '89." (ECF #13-5 at 3 to 4). The substantially contemporaneous records demonstrate that defendant clearly was not in Bergen County Jail on April 4, 1989.

    D.    <u>Defendant's Second Petition is Woefully Out of Time</u>

For the sake of completeness, respondents note that defendant's habeas petition is also long out of time. For all

11

of the reasons previously explained in this reply and respondents' motion to dismiss, defendant has no excuse for not diligently pursuing this claim from the moment that he was charged by New York in 1989 for murder and related offenses.

In relevant part, the AEDPA's 1-year period of limitation runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A) and (D).

Defendant's petition should be dismissed on timeliness grounds.

## **CONCLUSION**

For the foregoing reasons, respondents urge this Court to issue an order dismissing defendant's petition for habeas corpus as time barred; in the alternative, defendant's petition for habeas corpus should be dismissed or transferred to the Third Circuit Court of Appeals to allow the defendant to move for an order authorizing the district court to consider the application.

                                      Respectfully submitted

                                      DENNIS CALO
                                      ACTING PROSECUTOR
                                      BERGEN COUNTY PROSECUTOR'S OFFICE
                                      ATTORNEY FOR RESPONDENTS-MOVANTS

                                      BY:  /s/ Ian C. Kennedy
                                                Special Deputy Attorney General
                                                Acting Assistant Prosecutor
                                                Bergen County Prosecutor's Office

Date:  April 1, 2019