NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR., | Civil Action No. 18-9873 (CCC) |
| Petitioner, | |
| v. | OPINION |
| GEORGE ROBINSON, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

Currently before the Court is Respondents' motion (ECF No. 13) seeking the dismissal of Petitioner's amended petition for Writ of Habeas Corpus (ECF No. 6). Petitioner filed a response to the motion (ECF No. 20), to which Respondents have replied (ECF No. 23). For the following reasons, this Court will deny Respondents' motion without prejudice and will order Respondents to file a full and complete answer.

**I. BACKGROUND**

In 1993, Petitioner was convicted of first-degree armed robbery, fourth-degree aggravated assault on a police officer, and fourth-degree resisting arrest in New Jersey. ECF No. 13-4 at 1-2. In between his arrest for these offenses and his 1993 conviction, Petitioner was taken into custody by New York authorities and convicted in New York of murder and other crimes in connection with an incident that occurred in April 1989. Id. For his 1993 New Jersey conviction, Petitioner received a twenty-year sentence which was to run consecutive to the sentence he received in New York for the murder charge. Id. Petitioner appealed his New Jersey conviction and sentence, but his conviction and sentence were affirmed. Id. Following the conclusion of the litigation of his

1

first state-court post-conviction review ("PCR") petition in 2003 (*see* ECF No. 13-3 at 33), Petitioner filed his first habeas petition challenging his New Jersey conviction in this Court on December 31, 2003. ECF No. 13-2 at 1. On November 29, 2005, Judge Hayden dismissed that habeas petition with prejudice as time-barred. Id. at 2-4.

Following the receipt of certain jail credits, Petitioner filed a motion seeking additional jail credits in 2011 in state court. ECF No. 13-3 at 33. As a result of that motion, Petitioner was awarded an additional five hundred days of jail credit against his twenty year New Jersey sentence. Id. Petitioner thereafter filed a motion seeking to correct an "illegal sentence" in 2012, which was denied by the state court on May 2, 2012. Id. That motion was primarily based on the argument Petitioner raises here – that certain jail records suggest that he may have been in jail on the date that the New York murder was committed,[1] that the New York conviction is therefore wrongful despite its not having yet been overturned by either New York state or federal courts, and that Petitioner's New Jersey sentence should be amended to run concurrently with the New York sentence as a result. Id.; *see also* ECF No. 13-4 at 2-3. Petitioner appealed, and the denial of his motion to modify his sentence was affirmed on appeal. ECF No. 13-3 at 33.

Petitioner thereafter filed another application for further jail credits, which was granted on November 2, 2015, resulting in an award of 1,693 days of credit. ECF No. 13-4 at 2-3. Petitioner,

---

[1] Petitioner's claim that he was in jail at the time of the New York murder relies entirely on jail records suggesting he may have been in jail on the date of the murder and the grant of jail credits by the New Jersey courts for a date range including the date of the murder. Contrary to those records, however, Petitioner himself stated at his 1993 sentencing in New Jersey that he "posted . . . bail . . . March 11th of '89, and . . . was re-arrested June 28th, '89." ECF No. 13-5 at 4. Thus both Petitioner's own statement at his sentencing, multiple witnesses in Petitioner's New York trial, and a police officer's testimony regarding Petitioner's own statement that he was with a friend and not in jail on the date of the murder (*see* ECF No. 21-4 at 128, 232-33, 254, 306, 323-24, 435, 440), suggest that the state jail records may well be mistaken. Petitioner's contention that the granting of jail credits presents absolute proof of his innocence of the New York murder is an overstatement of the evidence in the record of this matter.

in that application, also repeated his argument that he should be granted a reduced New Jersey sentence based on the alleged infirmity of his still standing New York murder conviction. Id. at 2. The state trial court denied that request. Id. Petitioner appealed, and the Appellate Division affirmed the denial of the motion to correct his sentence and the award of jail credits. Id. at 2-3. The Appellate Division explained its denial of the motion to correct Petitioner's sentence as follows:

> [Petitioner] argues that he was given jail credit in New Jersey for the day that the New York murder was committed, and is therefore not guilty of the New York murder, [so] New Jersey should equitably change his sentence to allow his immediate release. We have previously determined that [Petitioner]'s application for a concurrent sentence was without sufficient merit to warrant discussion in a written opinion[.]
>
> [Petitioner] maintains that New York was unwilling to accept the documentation of [Petitioner]'s incarceration in New Jersey. New Jersey has no jurisdiction to review a New York conviction, nor does [Petitioner] point to legal authority for modifying a sentence imposed more than twenty years ago "in the interests of justice" due to a purportedly wrongful conviction in another jurisdiction.

Id. Petitioner also filed a petition for certification to the New Jersey Supreme Court, which was denied on March 26, 2018. *State v. Baskerville*, 233 N.J. 28 (2018). Petitioner thereafter filed his petition in this matter on or about May 31, 2018. ECF No. 1.

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's

3

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Analysis

Respondents argue in their motion to dismiss that this matter presents a second or successive habeas petition filed without leave of the Court of Appeals, and that Petitioner's habeas petition must be either transferred or dismissed as a result. Pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 (AEDPA), this Court's jurisdiction to consider second or successive habeas petitions brought pursuant to 28 U.S.C. § 2254 is extremely limited. *See* 28 U.S.C. § 2244(b)(3)(A). Under AEDPA, a habeas petitioner may not file a second or successive habeas petition in the district court without first receiving authorization from the appropriate Court of Appeals, which in this case would be the Third Circuit. *Id.* Absent a grant of authorization, this Court lacks jurisdiction over second or successive habeas petitions. *Id.*; *see*

4

*also Burton v. Stewart*, 549 U.S. 147, 152 (2007) (The district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court."); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar."). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition which the petitioner has filed after his initial conviction. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Instead, a petition's status as a successive petition depends entirely on whether it challenges the same judgment which was challenged in a previous habeas petition decided on the merits or dismissed with prejudice. *Id.* at 333-34. Where there is an intervening judgment—such as an amended judgment resulting from a resentencing—between the denial of the first habeas petition and the filing of the second habeas petition, the second petition attacks a new judgment and is therefore not "second or successive" for the purposes of section 2244. *Id.* at 339.

Because Petitioner previously filed a habeas petiton in 2005 challenging his conviction in this Court which was dismissed with prejudice as time-barred, it is clear that if he remains subject to the same judgment in effect when he filed that previous habeas petition, his current petition would be a second or successive habeas petition. Whether Petitioner's current judgment is the same as the judgment in effect when his first petition was denied in 2005 depends entirely on whether there has been an intervening judgment between 2005 and today. Although Petitioner has

received two awards of additional jail credits, the state courts have twice refused to alter or change the actual sentence Petitioner received. Thus, Petitioner's current petition would be subject to dismissal as a second or successive habeas petition unless the granting of jail credits sufficiently changed Petitioner's sentence to result in a "new judgment" for habeas purposes.

While *Magwood* makes clear that a full resentencing will amount to a new judgment even where the ultimate sentence is the same, Petitioner in this matter did not receive a resentencing – instead he received only an amendment to the number of jail credits to which he was entitled. The Third Circuit has not yet provided this Court with controlling guidance on whether an amended judgment resulting from the grant of additional jail credits in New Jersey amounts to a "new judgment." The Court of Appeals has, however, followed the Second Circuit in concluding that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive." *In re Brown*, 594 F. App'x 726, 729 (3d Cir. 2014) (quoting *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010)). However, neither *Johnson* nor *Brown* deal with a situation similar to that presented here where Petitioner's sentence was "amended" to include more jail credits. In *Brown* the amended judgment in question included the petitioner receiving a vacated conviction as to one charge and an entirely new resentencing on the remainder of his charges, a situation significantly different than the one posed in this case. *Id.* at 727-28. Likewise, the question in *Brown*, *Johnson*, and similar cases was not whether an amendment as to jail credits qualified as a new judgment, but only whether a *full resentencing* permitted attacks in a habeas petition on not only the new sentence but also the underlying conviction.

The circuit and district courts which have confronted questions similar to those posed here have taken varying approaches to determine how much of a change to a petitioner's sentence is required to result in a new judgment. The Fifth Circuit, for example, takes the position that a

6

sentencing amendment qualifies as a new judgment where "a new sentence has been imposed." *In re Cathey*, 857 F.3d 221, 225 (5th Cir. 2017). The Eleventh Circuit has similarly required a showing that the petitioner has received "a new prison sentence" which replaces the sentence originally imposed (*Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017)), and at least one district court in that circuit has therefore found that an amendment as to the computation of jail credits does not amount to a new judgment. *See Mosier v. Sec'y, Fla. Dep't of Corr.*, No. 16-551, 2016 WL 10892282, at *1-2 (M.D. Fla. Apr. 5, 2016). The Ninth Circuit, however, has held that while the correction of minor clerical errors are insufficient to amount to a new judgment, the "recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner . . . constitutes a new judgment" in light of the sentencing schemes employed by both Washington and Nevada which make the application of jail credits to reduce a custodial sentence essentially mandatory. *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019); *see also Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017).

In this case Petitioner clearly did not receive a full resentencing and the New Jersey courts twice rejected any form of resentencing other than a recalculation of credits. Thus, if this Court were to follow the rule applied in the Fifth and Eleventh Circuits, this matter would present a successive habeas petition subject to dismissal. That said, because New Jersey makes the application of jail credits to reduce both a prisoner's custodial sentence and any period of parole ineligibility mandatory (*see, e.g., State v. Joe*, 155 A.3d 563, 566 (N.J. 2017)), and because New Jersey's jail credits reduce both the total sentence and the applicable period of parole ineligibility (*see State v. Hernandez*, 26 A.3d 376, 284 (N.J. 2011)), application of the rule adovcated by the Ninth Circuit would prevent the current petition from being second or successive. Although Petitioner did receive two orders granting him additional jail credits, and the Appellate Division

noted that these orders "amended" his 1993 judgement of conviction (see ECF No. 13-3 at 33), it is not clear if the state courts entered an amended judgment of conviction following the 2015 award of jail credits, or if they simply entered orders granting additional credits. Assuming based on the limited information in the record that an amended judgment of conviction was entered in 2015, and in doing so giving Petitioner the benefit of the doubt, this Court finds that such an amended judgment[2] would amount to a "new judgment" which would have both a lesser maximum term and a lesser term of parole ineligibilty, and thus would render Petitioner's current collateral attack not "second or successive" for the purposes of habeas jurisdiction. See Turner, 912 F.3d at 1239; Brown, 594 F. App'x at 729. Respondents' motion shall therefore be denied without prejudice as to the second or successive issue.

Respondents also argue that Petitioner's habeas petition is time-barred, largely for the reasons Petitioner's first habeas petition was dismissed. While this petition would be time-barred absent a new judgment of conviction, because it appears Petitioner received an amended judgment of conviction in 2015, and it appears that is the operative and controlling judgment based on the limited record before the Court at this time, it is that judgment which would determine the timeliness of Petitioner's habeas petition. Because the appeal of that judgment[3] concluded a mere three months before the filing of the petition in this matter, Petitioner's habeas petition is timely to the extent he received an amended judgment of conviction in 2015. See 28 U.S.C. §

---

[2] If Petitioner did not receive an amended judgment of conviction in 2015, but instead simply received a grant of additional credits, the situation may be different. The Court will therefore permit further discussion of this issue in Respondents' answer should Respondents wish to pursue the issue further.

[3] As with the second or successive issue discussed above, Respondents are free to present further evidence or argument to the extent they contest the apparent fact that an amended judgment of conviction was entered in 2015. Were an amended judgment not entered at that time, it is possible Petitioner's current petition would be time-barred, and Respondents may therefore argue that point in filing an answer in this matter.

2244(d)(1)(A) (one year limitations period begins when the operative judgment becomes final with the conclusion of direct review). Respondents' motion shall thus be denied without prejudice as to the timeliness argument as well.

### III. CONCLUSION

For the reasons stated above, this Court denies Respondents' motion to dismiss. An appropriate order follows.

**Date:** September 25, 2019

**Claire C. Cecchi, U.S.D.J.**