

MARK MUSELLA
Bergen County Prosecutor

# Office of the County Prosecutor

DENNIS CALO
First Assistant Prosecutor

## County of Bergen

THOMAS McGUIRE
Executive Assistant Prosecutor

Two Bergen County Plaza
Hackensack, New Jersey 07601
(201) 646-2300

ROBERT ANZILOTTI
Chief of Detectives

November 22, 2019

Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
    for the District of New Jersey
Martin Luther King, Jr., Federal Bldg. & Courthouse
50 Walnut Street
Newark, New Jersey 07012

          Re: <u>Martin Luther Baskerville v. George Robinson, et al.</u>
              Civil No. 18-09873 (CCC)

Your Honor:

     I am the Assistant Prosecutor representing respondents in the above-captioned matter.  Enclosed please find one copy of respondents' Answer to Petition for Writ of Habeas Corpus in the above-captioned matter.  Respondents have electronically filed their answer and relevant exhibits.

     The following exhibits have been filed:

     1.     Petitioner's New Jersey Superior Court, Appellate
            Division direct appeal brief.  (Exhibit 1).

     2.     Petitioner's direct appeal petition for certification
            to New Jersey Supreme Court.  (Exhibit 2).

     3.     Petitioner's New Jersey Superior Court, Appellate
            Division post-conviction relief appeal brief and
            appendix.  (Exhibit 3).

     4.     Petitioner's post-conviction relief petition for
            certification to New Jersey Supreme Court.  (Exhibit
            4).



*A State Accredited and Nationally Recognized Law Enforcement Agency*

5.  Petitioner's certification in support of additional jail credit in Law Division.  (Exhibit 5).

6.  Petitioner's brief supporting motion for additional jail credit in Law Division.  (Exhibit 6).

7.  Petitioner's pro se second post-conviction relief appeal brief to New Jersey Superior Court, Appellate Division. (Exhibit 7).

8.  Petitioner's pro se brief and appendix supporting his appeal to New Jersey Superior Court, Appellate Division.  (Exhibit 8).

9.  Petitioner's second post-conviction relief petition for certification to New Jersey Supreme Court. (Exhibit 9).

Very truly yours,

/s/ Ian C. Kennedy
Assistant Prosecutor
Bergen County Prosecutor's Office

Claire C. Cecchi, U.S.D.J.

MARK MUSELLA
BERGEN COUNTY PROSECUTOR
ATTORNEY FOR RESPONDENTS
BY:   IAN C. KENNEDY
      IK0092
      ASSSISTANT PROSECUTOR
      TWO BERGEN COUNTY PLAZA
      HACKENSACK, NEW JERSEY 07601
      (201) 646-2300

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CIVIL NO. 18-09873 (CCC)

---

MARTIN LUTHER BASKERVILLE, JR.,        :
                                       :
        Petitioner,                    :        CIVIL ACTION
                                       :
v.                                     :
                                       :        ANSWER
GEORGE ROBINSON, et al.,               :
                                       :
                                       :
        Respondents.                   :

---

Respondents, by way of Answer to the Petition for Writ of Habeas Corpus in this matter, denying that petitioner (hereinafter defendant) is currently in State custody, state:

    1.    The allegation in Paragraph One is admitted.

    2.    The allegations in Paragraph Two are denied.  The Honorable Timothy J. Sullivan, J.S.C., sentenced defendant on August 25, 1993.  The court entered the judgment of conviction on August 31, 1993.  (ECF #6-7 at 35-36).

1

Claire C. Cecchi, U.S.D.J.

3.    The allegation in Paragraph Three is admitted with the following clarification: defendant received a 20-year custodial term for first-degree robbery and concurrent 18-month terms for aggravated assault and resisting arrest.   (ECF #6-7 at 35-36).

4.    The allegation in Paragraph Four is admitted.

5.    The allegation in Paragraph Five is admitted.

6.    The allegations in Paragraph Six are admitted.

7.    The allegation in Paragraph Seven is admitted.

8.    The allegation in Paragraph Eight is admitted.

9.    The allegations in Paragraph Nine (a), (b), (d), and (h) are admitted.  The allegation in Paragraph Nine (c) is admitted with the clarification that the Superior Court of New Jersey, Appellate Division affirmed defendant's conviction and sentence in an unpublished decision, except that it remanded to the trial court to award jail credit from December 25, 1987 to April 7, 1988.  (ECF #6-7 at 48).

The allegation in Paragraph Nine (f) is denied.  Defendant raised five separate arguments challenging his conviction and argued that his sentence was excessive and unduly punitive. (ECF #6-7 at 40-41; Exhibit 1).[1]

---

[1] A list of the exhibits is attached to this answer.

2

Claire C. Cecchi, U.S.D.J.

The allegation in Paragraph Nine (g) is admitted with the
clarification that defendant filed his petition for
certification on November 6, 1996.  (Exhibit 2).  The New Jersey
Supreme Court denied certification in an order filed on February
20, 1997.  State v. Baskerville, 148 N.J. 461, 690 A.2d 609
(1997).

10.   The allegation in Paragraph Ten is admitted.

11.   The allegation in Paragraph 11 is admitted in part and
denied in part.  Respondents records establish the following
procedural history:

**FIRST PETITION, APPLICATION, OR MOTION**

On October 21, 1999, defendant filed a petition for post-
conviction relief (PCR) in the New Jersey Superior Court, Law
Division (Law Division).  (ECF #13-3 at 21, 33).  The Law
Division ruled that defendant's arguments were procedurally
barred.  (ECF #13-3 at 23).  Defendant appealed from the order
denying the PCR petition.  In that appeal defendant raised the
following points:

> I. The trial court erred in ruling that the
> defendant's claims of ineffective assistance of
> counsel and bias on the part of the trial judge were
> procedurally barred.

> II. The trial court's denials of defendant's petition
> for post-conviction relief should be reversed because

3

Claire C. Cecchi, U.S.D.J.

the defendant was denied the effective assistance of
trial counsel and appellate counsel.

     A. The defendant was denied the effective
assistance of trial counsel as trial counsel failed to
file a motion for speedy trial, failed to file a
motion to have the robbery count dismissed or amended
to theft, failed to exercise defendant's Interstate
Agreement on Detainers rights and failed to conduct
adequate pretrial investigation.

     B. The defendant received ineffective assistance
of appellate counsel as appellate counsel failed to
raise issues of speedy trial and trial judge's bias.

III. The trial court erred in denying defendant's
petition for post-conviction relief because the
sentence imposed upon the defendant was illegal.

IV. Nothwithstanding the merits of defendant's
arguments, the petition for post-conviction relief
should not have been denied without a hearing wherein
defendant could have established his ineffective
assistance of counsel claim.

[(ECF #13-3 at 22; Exhibit 3).]

On October 31, 2002, the Appellate Division affirmed the

lower court's order.  (ECF #13-3 at 21 to 24).  Defendant filed

a petition for certification with the New Jersey Supreme Court,

(Exhibit 4), which was denied on April 28, 2003.  State v.

Baskerville, 176 N.J. 279, 822 A.2d 608 (2003).

**SECOND PETITION, APPLICATION, OR MOTION**

On or about July 19, 2011, defendant filed an application

in the Law Division, seeking additional jail credit.  (ECF #13-3

4

Claire C. Cecchi, U.S.D.J.

at 33; Exhibit 5; Exhibit 6).  On November 28, 2011, the
Honorable Donald R. Venezia, J.S.C., entered an amended judgment
of conviction awarding defendant 500 days of jail credit.  (ECF
#6-7 at 50 to 52; ECF #13-3 at 33).  Specifically, the jail
credit included dates from December 25, 1987 to May 7, 1988;
February 28, 1989 to August 15, 1989; and February 18, 1993 to
September 1, 1993.  (ECF #6-7 at 50 to 52).

**THIRD AND FOURTH PETITION, APPLICATION, OR MOTION**

On or about April 30, 2012, defendant filed a pro se notice
of motion to correct an illegal sentence in the Law Division.
(Exhibit #13-3 at 25).  By order filed May 2, 2012, Judge
Venezia denied defendant's motion.  (Exhibit #13-3 at 33).

On or about October 9, 2012, defendant, pro se, filed his
second PCR petition.  (ECF #13-3 at 31 to 32).  The Honorable
Eugene H. Austin, J.S.C., denied the application as time barred.
(Id.).

Defendant appealed pro se in two separate briefs, arguing
that

Brief 1

POINT I

THE TRIAL COURT IMPROPERLY IMPOSED CONSECUTIVE
SENTENCES.

5

Claire C. Cecchi, U.S.D.J.

A. The Trial Court Failed To Separately State The
Reason For Imposing Consecutive Sentences As
Required By Yarbough.

B. The Lower Court Erred In Summarily Denying
Defendant/Appellant's Motion To Correct Illegal
Sentence. Where It Was An Abuse Of Discretion For
The Trial Court Not To Follow The Guidelines In
Yarbough. Thus, Depriving Defendant/Appellant Of
His Due Process Rights Under The U.S. Const.
Amend. XIV N.J. Const. Art. I, Par 10.

Brief 2

POINT I

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF
COUNSEL.

POINT II

APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF
POST CONVICTION RELIEF COUNSEL.

[(Exhibits 7 and 8).]

On October 23, 2014, the Appellate Division affirmed the

Law Division decisions.   (Exhibit #13-3 at 33 to 34).   Defendant

filed a petition for certification, (Exhibit 9), and the New

Jersey Supreme Court denied it on October 5, 2015.   State v.

Baskerville, 223 N.J. 271, 122 A.3d 987 (2015).

**FIFTH PETITION, APPLICATION, OR MOTION**

On or about October 7, 2014, defendant filed a motion for

additional jail credit.   (ECF #6-7 at 53 to 58).   In that

application, defendant argued for additional jail credit for the

6

Claire C. Cecchi, U.S.D.J.

period between August 15, 1989 and November 21, 1990 (the period

that he was extradited from New Jersey to New York to face trial

on a murder charge) and for additional jail credit between

November 21, 1990 and February 18, 1993 (the period between his

sentencing in New York after conviction and when he returned to

New Jersey to stand trial).  (Id.)  The Honorable Edward A.

Jerejian, J.S.C., heard oral argument on four different dates:

February 9, 2015; May 4, 2015; July 22, 2015; and September 28,

2015.  (ECF #21-3 at 117 to 170).

On October 1, 2015, the judge granted defendant 1693 days

of jail credit for the following periods, many days of which

defendant already had received credit in prior judgments:

December 25, 1987 to May 7, 1988; February 20 to August 15,

1989; August 16, 1989 to November 21, 1990; December 19, 1990 to

December 17, 1992; and February 18 to September 1, 1993.  (ECF

#6-7 at 106).  The judge also ordered certain amendments to

defendant's pre-sentence report.  (ECF #6-7 at 106 to 107).

On March 28, 2016, the court filed an amended judgment of

conviction reflecting these changes.  (ECF #6-7 at 108 to 110).

On January 21, 2016, defendant, through counsel, filed a

notice of appeal.  (ECF #6-7 at 111 to 113).  In the appeal,

defendant argued:

7

Claire C. Cecchi, U.S.D.J.

THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT'S
APPLICATION TO RECONSIDER DEFENDANT'S SENTENCE AND RE-
SENTENCE HIM TO THE PRESUMPTIVE TERM OF FIFTEEN YEARS
AND RUN THE SENTENCE CONCURRENT TO HIS NEW YORK
SENTENCE TO CORRECT THE GRAVE INJUSTICES WHICH HAVE
BEEN INFLICTED ON DEFENDANT

[(ECF #6-7 at 1 to 113).]

On November 15, 2017, the Appellate Division affirmed the

decision by the trial judge, reasoning that the Court had

already rejected defendant's application for a concurrent

sentence back in 2014.  The Court also reasoned that "New Jersey

has no jurisdiction to review a New York conviction, nor does

defendant point to legal authority for modifying a sentence

imposed more than twenty years ago 'in the interest of justice'

due to a purportedly wrongful conviction in another

jurisdiction."  (ECF #13-4 at 1 to 3).

Defendant filed a petition for certification with the New

Jersey Supreme Court.  On February 5, 2018, defendant filed a

brief in support of his petition for certification.  (ECF #6-6).

In that brief, defendant argued the following:

THE LOWER COURTS ERRED BY NOT GRANTING BASKERVILLE'S
MOTION FOR RE-SENTENCING AND CORRECTIVE SENTENCING TO
THE PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN THE
SENTENCE CONCURRENT TO HIS NEW YORK SENTENCE TO
CORRECT THE GRAVE INJUSTICES WHICH HAVE BEEN INFLICTED
ON DEFENDANT

[(ECF #6-6).]

8

Claire C. Cecchi, U.S.D.J.

The New Jersey Supreme Court denied that petition for certification on March 26, 2018.  State v. Baskerville, 233 N.J. 28, 182 A.3d 381 (2018).

12.   The allegations in Paragraph Twelve are denied. Defendant received a fair trial in New Jersey, was justly convicted and sentenced, and there was no violation of his constitutional rights.  His confinement was lawful and just, and there is no basis for habeas corpus relief in this case.

The claim in ground one that defendant received an illegal sentence on his New Jersey conviction is moot because defendant completed his New Jersey sentence.  Affirmative Defense I.  It also fails to state a claim upon which habeas relief may be granted.  Affirmative Defense II.

The claim in ground two that defendant's New York conviction is "illegal because NJ Sheriff's Department falsified arrest records or failed to turn over arrest records to prove alibi support in NY case" is misplaced because defendant was not in custody on his New York conviction at the time he filed this petition.  Affirmative Defense III.  Even if defendant was considered to be in custody due to his New York conviction, this is not the proper jurisdiction to review that conviction.

9

Claire C. Cecchi, U.S.D.J.

Affirmative Defense IV.  In addition, defendant has failed to
exhaust all of his State remedies.  Affirmative Defense V.  In
fact, he filed a motion for a new trial on October 1, 2018 in
New York state court, challenging his New York conviction on
these precise grounds.  (ECF #21-1 at 44 to 50).

As to both grounds one and two, defendant cannot show that
the decisions of the New Jersey courts are contrary to or an
unreasonable application of established United States Supreme
Court caselaw.  As such, his petition for habeas corpus relief
must be denied

### STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act
(AEDPA), a federal court cannot grant habeas relief unless it
finds that adjudication of a claim by a state court was contrary
to or involved an unreasonable application of clearly
established federal law, as determined by the Supreme Court, 28
U.S.C. § 2254(d)(1), or resulted in a decision that was based on
an unreasonable determination of the facts in light of the
evidence presented in the state court proceeding, 28 U.S.C. §
2254(d)(2).  Cullen v. Pinholster, 563 U.S. 170, 180 (2011);
Waddington v. Sarausad, 555 U.S. 179, 190 (2009); Williams v.
Taylor, 529 U.S. 362, 404-05 (2000); Rompilla v. Horn, 355 F.3d

10

Claire C. Cecchi, U.S.D.J.

233, 249-51 (3d Cir.), rev'd other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002).  As the Supreme Court repeatedly emphasizes, this is a "difficult to meet . . . and highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." Pinholster, 563 U.S. at 180 (citations omitted).

The text of the AEDPA "firmly establishes the state court decision as the starting point in habeas review." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 885 (3d Cir. 1999). To be contrary to Supreme Court precedent, the state court's decision must be substantially different from the relevant precedent of the Supreme Court. Williams, 529 U.S. at 405; Pazden v. Maurer, 424 F.3d 303, 310 (3d Cir. 2005).

A state court decision runs afoul of the "contrary to" provision if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from Court precedent. Williams, 529 U.S. at 406.  See also Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003); Early v. Packer, 537 U.S. 3, 9 (2002).

11

Claire C. Cecchi, U.S.D.J.

A "run-of-the-mill" state court decision applying the correct legal rule from Supreme Court cases to the facts of the petitioner's case would not fit "comfortably" within the contrary to clause. Williams, 529 U.S. at 406. For example, if a state court decision on a prisoner's ineffectiveness of counsel claim identifies the right legal standard, Strickland v. Washington, 446 U.S. 668 (1984), and applies it to the prisoner's case, it would be "difficult" to determine that the state court decision was "contrary to" established precedent even if the federal court considering the same case might reach a different result. Williams, 529 U.S. at 406. See also Rompilla, 355 F.3d at 250.

To be an "unreasonable application" of Supreme Court precedent, the state court must identify the correct governing legal rule from the Court's cases but unreasonably apply it to the facts of the particular case. Williams, 529 U.S. at 407-09; Marshall, 307 F.3d at 51. An unreasonable application of federal law is different from an incorrect application of federal law. To violate this provision, "that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 76 (2003); Williams, 529 U.S. at 409; Pazden 424 F.3d at 312. This provision applies even where there has been a summary

12

Claire C. Cecchi, U.S.D.J.

denial by the state court. Harrington v. Richter, 562 U.S. 86, 99 (2011); Rompilla, 355 F.3d at 247.

A federal court cannot grant habeas relief simply because it disagrees with the state court decision. To grant relief, the state court's application of Supreme Court precedent must have been objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. Williams, 529 U.S. at 413. "Clearly established" Supreme Court precedent refers to the holdings, as opposed to the dicta, of Supreme Court decisions available at the time of the state court decision under attack. Id. at 412.

GROUND ONE

Respondents deny the allegation that defendant received an illegal sentence and was improperly denied jail credits. Defendant's claim is moot because he has already completed his New Jersey sentence, including parole supervision. Affirmative Defense I. It also fails to state a claim upon which habeas relief may be granted. Affirmative Defense II. In any event, defendant's claim lacks merit.

A.    Procedural History and Rulings

13

Claire C. Cecchi, U.S.D.J.

On April 11, 1988, a Bergen County Grand Jury charged

defendant in Indictment Number S-524-88 with first-degree

robbery, N.J.S.A. 2C:15-1 (count five), fourth-degree aggravated

assault, N.J.S.A. 2C:12-1b(5) (count six), and fourth-degree

resisting arrest, N.J.S.A. 2C:29-2 (count seven).  (ECF #6-7 at

28 to 34).[2]

Between June 22 and July 1, 1993 defendant was tried in

Bergen County before Judge Sullivan, and a jury.  On July 1,

1993, the jury found defendant guilty of all the charges.  (Id.

at 35, 39 to 40).

On August 25, 1993, Judge Sullivan ordered defendant to

---

[2] On July 14, 1989, a New York County Grand Jury charged
defendant in Indictment Number 0771789 with second-degree
murder, N.Y. Penal Law § 125.25(3), first-degree robbery, N.Y.
Penal Law § 160.15(4), and second-degree robbery, N.Y. Penal Law
§ 160.10(1).  (ECF #6-7 at 78 to 80).

On November 21, 1990, following a jury trial, defendant was
found guilty of all the charges in New York: second-degree
murder, first-degree robbery, and second-degree robbery.
Defendant was sentenced to concurrent custodial terms of sixteen
years to life on the second-degree murder, seven to twenty-one
years on the first-degree robbery, and five to fifteen years on
the second-degree robbery.  His conviction and sentence were
affirmed by New York's Appellate Division, First Judicial
Department.  People v. Baskerville, 234 A.D.2d 35, 35-36 (N.Y.
1996).

14

Claire C. Cecchi, U.S.D.J.

serve a twenty-year custodial term on count five (first-degree robbery), and imposed concurrent custodial terms of 18 months on count six (fourth-degree aggravated assault) and count seven (fourth-degree resisting arrest). The court directed that defendant's sentence run consecutively to the sentence he was serving in New York. (Id. at 37 to 38).

Defendant's lengthy history of litigating this conviction is outlined in Paragraph Eleven of this answer, but as is relevant to the issues at hand, it suffices to say that on or about October 7, 2014, defendant filed a motion with the Law Division for additional jail credit. (ECF #6-7 at 26 to 31). In that application, defendant argued for additional jail credit for the period between August 15, 1989 and November 21, 1990 (the period that he was extradited from New Jersey to New York to face trial on a murder charge) and for additional jail credit between November 21, 1990 and February 18, 1993 (the period between his sentencing in New York after conviction and when he returned to New Jersey to stand trial). (Id.) The Honorable Edward A. Jerejian, J.S.C., heard oral argument on four different dates: February 9, 2015; May 4, 2015; July 22, 2015; and September 28, 2015. (ECF #21-3 at 117 to 170).

15

Claire C. Cecchi, U.S.D.J.

On October 1, 2015, the judge granted defendant jail credit for the following periods, many days of which he had already received credit: December 25, 1987 to May 7, 1988; February 20 to August 15, 1989; August 16, 1989 to November 21, 1990; December 19, 1990 to December 17, 1992; and February 18 to September 1, 1993.   (ECF #6-7 at 106).   The judge also ordered certain amendments to defendant's pre-sentence report.   (ECF #6-7 at 106 to 107).

On March 28, 2016, the court filed an amended judgment of conviction reflecting these changes.   (ECF #6-7 at 108 to 110).

On January 21, 2016, defendant, through counsel, filed the notice of appeal.   (ECF #6-7 at 111 to 113).   In the appeal, defendant argued:

> THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT'S APPLICATION TO RECONSIDER DEFENDANT'S SENTENCE AND RE-SENTENCE HIM TO THE PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN THE SENTENCE CONCURRENT TO HIS NEW YORK SENTENCE TO CORRECT THE GRAVE INJUSTICES WHICH HAVE BEEN INFLICTED ON DEFENDANT.

> [(ECF #6-7 at 1 to 113).]

On November 15, 2017, the Appellate Division affirmed the decision by the trial judge, reasoning that the Court had already rejected defendant's application for a concurrent sentence back in 2014.   The Court also reasoned that "New Jersey

16

Claire C. Cecchi, U.S.D.J.

has no jurisdiction to review a New York conviction, nor does defendant point to legal authority for modifying a sentence imposed more than twenty years ago 'in the interest of justice' due to a purportedly wrongful conviction in another jurisdiction." (ECF #13-4 at 1 to 3).

Defendant filed a petition for certification with the New Jersey Supreme Court. On February 5, 2018, defendant filed a brief in support of his petition for certification. (ECF #6-6). In that brief, defendant argued the following:

> THE LOWER COURTS ERRED BY NOT GRANTING BASKERVILLE'S MOTION FOR RE-SENTENCING AND CORRECTIVE SENTENCING TO THE PRESUMPTIVE TERM OF FIFTEEN YEARS AND RUN THE SENTENCE CONCURRENT TO HIS NEW YORK SENTENCE TO CORRECT THE GRAVE INJUSTICES WHICH HAVE BEEN INFLICTED ON DEFENDANT

> [(ECF #6-6).]

The New Jersey Supreme Court denied that petition for certification on March 26, 2018. State v. Baskerville, 233 N.J. 28, 182 A.3d 381 (2018).

B.   Analysis

The state court decisions denying defendant any additional jail credit or modification to his sentence were correct. Respondents gather that defendant's latest challenge to his New Jersey sentence and request for additional jail credit is based

17

Claire C. Cecchi, U.S.D.J.

on his assertion regarding his innocence in New York. But as the Appellate Division held, "New Jersey has no jurisdiction to review a New York conviction" and defendant could not point to authority "for modifying a sentence imposed more than twenty years ago 'in the interest of justice' due to a purportedly wrongful conviction in another jurisdiction." (ECF #13-4 at 1 to 3). Respondents' further rely on the State's Appellate Division brief, filed on November 14, 2016. (ECF #13-3). In addition, respondents rely on Affirmative Defense I and Affirmative Defense II.

### GROUND TWO

With regard to ground two, defendant's claim that his New York conviction is "illegal because NJ Sheriff's Department falsified arrest records or failed to turn over arrest records to prove alibi support in NY case," this Court does not have jurisdiction to adjudicate the claim because defendant was not in custody for his New York conviction at the time he filed this petition. Affirmative Defense III. Even if defendant was considered in custody, this is not the proper jurisdiction to review that conviction. Affirmative Defense IV. In addition, defendant has failed to exhaust all of his state remedies. Affirmative Defense V.

Claire C. Cecchi, U.S.D.J.

In any event, defendant's claim of innocence lacks merit.
The attorney for respondents does not possess all of the records
regarding defendant's litigation in New York state courts.
However, defendant, though counsel, has filed in this litigation
a brief filed in New York state court on October 1, 2018.  In
that brief, defendant's counsel alleges that defendant was in
jail during the time that he committed a murder in New York.
(ECF #21-1 at 44 to 46).  As evidence, defendant cites to the
New Jersey court order awarding him jail credit on the date of
the murder, a letter from Lieutenant James Stapleton of the
Bergen County Sheriff's Department,[3] and a communication received
by an investigator.  (ECF #21-1 at 45 to 46).

However, numerous documents filed in this litigation prove
the exact opposite:  defendant was not in Bergen County jail
when he committed a murder in New York on April 4, 1989.  First,
defendant admitted in 1993 at his sentencing hearing for his New
Jersey conviction that he posted bail in New Jersey on "March
11th of '89, and . . . was re-arrested June 28th, '89."  (ECF

---

[3] Defendant asserts in his recently filed brief in New York that
the letter from Lieutenant Stapleton was submitted in 2016.
(ECF #21-1 at 45 to 46).  However, the letter is clearly dated
2006.  (ECF #21-2 at 20).

19

Claire C. Cecchi, U.S.D.J.

#13-5 at 3 to 4; ECF #21-3 at 84). Indeed, defendant and his counsel repeatedly told the court that defendant was released from Bergen County Jail in "March of '89." (ECF #13-5 at 3; ECF #21-3 at 83 to 84). Thus, he was not in jail from February 28, 1989 to August 15, 1989, as his most recent submission in New York state court suggests. (ECF #21-1 at 46).

Second, the testimony adduced at a pretrial hearing in defendant's 1990 New York murder trial is consistent with the timeline of his custody in New Jersey that defendant provided to the court in 1993. A New York City Police Department (NYPD) detective testified that on April 6, 1989, he interviewed suspects regarding the New York murder at Hackensack Police headquarters. (ECF #21-2 at 36 to 37). Those suspects implicated defendant, but the police could not locate defendant as he was not in custody with the other suspects. (ECF #21-2 at 36 to 38). The NYPD detective filed a "wanted card" that would alert out-of-state law enforcement authorities that the NYPD wanted to speak to defendant if he was taken into custody. (ECF #21-2 at 39). On June 28, 1989, the Bergen County Prosecutor's Office (BCPO) notified the NYPD detective that defendant was in custody and incarcerated in the Bergen County Jail in Hackensack. (ECF #21-2 at 39). When the detective arrived, a

20

Claire C. Cecchi, U.S.D.J.

BCPO assistant prosecutor notified him that defendant had turned himself in on a bench warrant related to a domestic-violence case. (ECF #21-2 at 40 to 41).

Third, the transcripts of defendant's 1990 New York murder trial show that when the NYPD detective interviewed defendant on June 28, 1989, defendant claimed to have an alibi on the date of the murder – but that alibi had nothing to do with being in the Bergen County Jail. Rather, defendant told the NYPD detective that during the afternoon and evening of the murder, he was in Hackensack at Leon's Bar and at the Stagecoach Hotel with Brenda Bates. (ECF #21-4 at 435).[4] He told the detective to "check with Brenda Bates and she will tell you where I was the night of the shooting." (ECF #21-4 at 440).

Fourth, the trial transcripts of defendant's 1990 New York murder trial established that no less than five witnesses testified that they saw defendant in public on April 4, 1989; they did not see him in jail. Those witnesses that saw defendant (not in jail) on April 4, 1989, include Brenda Bates

---

[4] Defendant told the NYPD detective that his friend was released from the hospital on the day he went to Leon's Bar and the Stagecoach Hotel, which the trial record established was on April 4, 1989. (ECF #21-4 at 409).

Claire C. Cecchi, U.S.D.J.

(ECF #21-4 at 232 to 33), Charnell Bates (ECF #21-4 at 128),
Kenneth Robinson (ECF #21-4 at 323 to 24), Vanessa Perry (ECF
#21-4 at 254), and Clifton McCloud (ECF #21-4 at 306).

Fifth, respondents cannot find – and defendant does not
point to – any reference in the 1990 New York murder trial to
defendant being in Bergen County Jail on the day of the murder
in New York.  Instead, every reference to defendant's
whereabouts – including defendant's alibi provided to an NYPD
detective – reveal that he was not in Bergen County Jail.

In contrast to this compelling evidence cutting against
defendant's claim of innocence, there is a paucity of evidence
supporting it.  Defendant cites to two letters about jail
credits that defendant's investigator and attorney apparently
received more than fifteen years after the New York murder.
(ECF #21-2 at 20, 79; ECF #21-5 at 6).  However, these records
do not prove his innocence.

Assuming without conceding that these records are
authentic, in light of the substantial countervailing evidence,
all these records prove is that a clerical error occurred.
Defendant apparently seized on the clerical error, spun it into
a fabricated claim of innocence, and spawned frivolous

22

Claire C. Cecchi, U.S.D.J.

litigation in New Jersey about a now three-decades-old conviction in New York.

Defendant also cites to a New Jersey Law Division judge's decision to award defendant jail credit on the day that he was convicted for committing the murder in New York. But this does not prove defendant's innocence. The judge did not review the record of defendant's trial in New York and determine he was innocent. He simply awarded jail credit based on the documentation presented to him. In fact, he expressly told defendant that further relief by the Court could be revisited only if defendant's New York conviction was vacated. (ECF #21-4 at 9).

Thus, in addition to the numerous affirmative defenses that should apply, the substance of defendant's claim in ground two is utterly hollow. It does not even meet the threshold showing of actual innocence to overcome a timeliness procedural bar. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

23

Claire C. Cecchi, U.S.D.J.

It certainly does not provide a reason to vacate his conviction. As this Court noted in a footnote denying respondents' motion to dismiss, "[p]etitioner's contention that the granting of jail credits presents absolute proof of his innocence of the New York murder is an overstatement of the evidence in the record of this matter." (ECF #24 at 2 n.1).

13. The allegation in Paragraph Thirteen is denied as to ground two. It appears that defendant's claim is still being litigated in New York state court. (ECF #21-1 at 28 to 50).

14. The allegation in Paragraph Fourteen is admitted in part and denied in part. In addition to any prior filings with this Court, on December 31, 2003, defendant filed a first petition for writ of habeas corpus with the United States District Court for the District of New Jersey challenging his sentence in New Jersey. (ECF #13-1 at 1). On November 29, 2005, United States District Court Judge Katharine S. Hayden dismissed the petition as untimely. (ECF #13-1 at 3).

As to his New York conviction, on March 18, 1998, defendant filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York under Docket No. 1:98-cv-1816-RCC. The Court denied defendant's petition, and the Second Circuit affirmed. (ECF #21-1 at 9).

24

Claire C. Cecchi, U.S.D.J.

15.   The allegation in Paragraph Fifteen is admitted in part and denied in part.  In addition to any prior filings with this Court, it appears that defendant's claim in ground two is still being litigated in New York state court.  (ECF #21-1 at 28 to 50).

16.   The allegations in Paragraph Sixteen are admitted.

17.   The allegation in Paragraph Seventeen is admitted with the clarification that on October 1, 2018, defendant filed a motion for a new trial with the New York state court.  (ECF #21-1 at 28 to 50).  However, respondents do not dispute that defendant has no further sentence to serve regarding his New York conviction.

18.   The allegation in Paragraph Eighteen is denied. However, respondents acknowledge that this Court already denied respondents' motion to dismiss defendant's complaint on timeliness grounds.  (ECF #24).

AFFIRMATIVE DEFENSE

POINT I

DEFENDANT'S CHALLENGE TO HIS NEW JERSEY
SENTENCE IS MOOT.

In ground one, defendant claims that his New Jersey sentence was illegal and the court improperly awarded jail

25

Claire C. Cecchi, U.S.D.J.

credits.  Because defendant is challenging his sentence in New

Jersey, and defendant is no longer in prison or on parole for

that conviction, his claim is moot.

It is a basic principle of Article III that a justiciable

case or controversy must remain "extant at all stages of review,

not merely at the time the complaint is filed."  United States

v. Juvenile Male, 564 U.S. 932, 936-37 (2011) (quoting Arizonans

for Official English v. Arizona, 520 U.S. 43, 67 (1997)).  In

criminal cases, this requirement means that a defendant wishing

to continue his appeals after the expiration of his sentence

must suffer some "continuing injury" or "collateral consequence"

sufficient to satisfy Article III.  Id.

When a defendant challenges a conviction, courts presume

the existence of a collateral consequence sufficient to satisfy

the case or controversy requirement.  Juvenile Male, 564 U.S. at

936; Wolcott v. Superior Court Division of the Trial Court of

Massachusetts, 133 F.Supp.3d 309, 311 (D. Mass. 2015).

"However, a petition for habeas corpus challenging only a

sentence and no[t] the underlying conviction is not entitled to

a presumption that collateral consequences to the incarceration

exist."  Wolcott, 133 F.Supp.3d at 311 (quoting Deal v.

Bellneir, No. 10-CV-3307, 2015 WL 778235, at *4 (E.D.N.Y. Feb.

Claire C. Cecchi, U.S.D.J.

24, 2015)).  Where a petitioner only challenges a sentence, "the

burden is on the petitioner to '[identify] some ongoing

collateral consequenc[e] that is traceable to the challenged

portion of the sentence and likely to be redressed by a

favorable judicial decision.'" Id. (quoting Juvenile Male, 564

U.S. at 936).

Citing this rule, multiple federal district courts have

dismissed challenges to sentences, even when the sentence

expires after the habeas petition is filed.  See Wolcott, 133

F.Supp.3d at 31; Deal, 2015 WL 778235, at *4; Lewis v. New York,

No. 08-CV-4978, 2012 WL 5419899, at *4 (E.D.N.Y. Nov. 6, 2012);

Johnson v. Metrish, No. 07-CV-12265, 2010 WL 2231902, *1-2 (E.D.

Mich. Jun. 3, 2010); see also Al-Sadawi v. United States, No.

08-CV-549, 2011 WL 888118, at *5 (E.D.N.Y. Mar. 14, 2011)

(finding petitioner's sentencing claims presumptively moot).

Here, the State of New Jersey Department of Corrections

released defendant from custody on March 5, 2009.  (ECF #22).

The New Jersey State Parole Board has indicated that defendant

has been released without any parole conditions.  (ECF #22).

Thus, defendant's challenge to his sentence in New Jersey is

moot.  Any ruling by this Court regarding defendant's sentence

will have no practical impact on his sentence - because he has

27

Claire C. Cecchi, U.S.D.J.

already completed it.  Defendant has not challenged the validity of his New Jersey conviction in this petition.

In anticipation of any reply by defendant, respondents note that it does not matter that defendant was in New Jersey custody at the time he filed his petition.  The case-or-controversy requirement is separate and apart from the "in custody" requirement and subsists through all stages of federal judicial proceedings.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Moreover, any potential impact on civil litigation (e.g., a § 1983 action for damages) also does not satisfy the case-or-controversy requirement.  Id. at 17.  Finally, any claim of undue delay in litigation is also no defense to mootness – and this record does not support such a claim in any event.  Id. at 18.

### POINT II

DEFENDANT'S ALLEGATIONS REGARDING HIS
SENTENCE FAIL TO STATE A CLAIM FOR WHICH
HABEAS RELIEF MAY BE GRANTED.

In addition to the point that defendant's challenge to his New Jersey sentence is moot, respondents submit that these allegations fail to establish grounds for habeas corpus relief. Defendant's federal constitutional rights were clearly not

28

Claire C. Cecchi, U.S.D.J.

violated or infringed by the alleged state law errors he now raises as a basis for habeas relief.

A writ of habeas corpus can be granted only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254(a). It is well established that state court trial errors not involving a violation of federal constitutional rights are not cognizable in a federal habeas case. The federal courts review state convictions solely for error of constitutional dimension. Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir. 1987).

As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits. Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir 1984); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984). Matters of procedure and sentencing are generally matters of state law and cannot justify the federal intervention of habeas corpus relief. Jones v. Superintendent of Rahway State Prison, 725 F.2d at 43; Ervin v. Beyer, 716 F.Supp. 163, 165 (D.N.J. 1989); Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987).

Defendant cites to no law regarding the illegality of his sentence or establishing the improper award of jail credits.

29

Claire C. Cecchi, U.S.D.J.

Habeas corpus relief is not an additional avenue to appeal a state court conviction.  Defendant's sentence for first- and fourth-degree crimes were within statutory limits and legally imposed.  See N.J.S.A. 2C:43-6(a)(1) and (4).  There is no basis on which to award defendant additional jail credits.  Thus no constitutional issue has been raised and habeas corpus relief must be denied.

POINT III

THIS COURT DOES NOT HAVE JURISDICTION TO
REVIEW DEFENDANT'S CHALLENGE TO HIS NEW YORK
CONVICTION BECAUSE HE WAS NOT "IN CUSTODY"
AT THE TIME OF FILING.

With respect to defendant's challenge of his New York conviction in ground two, respondents submit that defendant was not "in custody" for his New York conviction at the time he filed this petition.  This Court thus does not have any jurisdiction to review his claim of innocence.

28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus when a person who is "in custody" pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. The "in custody" requirement does not require physical confinement, but it does require that a sentence for a

30

Claire C. Cecchi, U.S.D.J.

conviction has not completely expired at the time of filing.
Maleng v. Cook, 490 U.S. 488, 491 (1989)

In Maleng, the habeas petitioner was convicted of robbery
in Washington state court in 1958.  Id. at 489.  The sentence
for the 1958 conviction expired in 1978. While on parole in
1976, the petitioner was again convicted in Washington state of
assault and aiding a prisoner escape.  Id.  Defendant's
mandatory minimum sentence for the 1976 conviction was increased
due to the 1958 conviction.  Id.  Also in 1976, petitioner was
convicted on federal bank robbery charges in California.  Id.

When the petitioner was serving his federal sentence in
California, Washington state filed a detainer against defendant
with federal authorities.  Id.  In 1985, while in federal
prison, the petitioner filed a petition for habeas corpus
seeking to attack the validity of his 1958 Washington
conviction.  Id.

Ruling on the motion to dismiss for lack of jurisdiction,
the United States Supreme Court explained that the "in custody"
language did not require a petitioner to be physically confined
at the time of filing.  Id. at 491.  However, the Court held
that a habeas petitioner is not "in custody" if at the time of
filing the sentence imposed had fully expired.  Id.  Thus, the

31

Claire C. Cecchi, U.S.D.J.

Court held that the federal district court did not have jurisdiction to entertain defendant's challenge of only his 1958 conviction.  Id. at 492.

Ultimately, the Court did not dismiss the petition, however, because the Court held that the habeas petitioner "may challenge the sentences imposed upon him by the State of Washington in 1978" by virtue of the detainer filed against him and his impending custody.  Id. at 493.  The Court "express[ed] no view on the extent to which the 1958 conviction itself may be subject to challenge in the attack upon the 1978 sentence[] which it was used to enhance."  Id.

In Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001), the United States Supreme Court addressed the issue left open in Maleng.  The Court held that

> once a state conviction is no longer open to direct or
> collateral attack in its own right because the
> defendant failed to pursue those remedies while they
> were available (or because the defendant did so
> unsuccessfully), the conviction may be regarded as
> conclusively valid.  If that conviction is later used
> to enhance a criminal sentence, the defendant
> generally may not challenge the enhanced sentence
> through a petition under § 2254 on the ground that the
> prior conviction was unconstitutionally obtained.
>
> [Id. at 403-04 (internal citation omitted).]

32

Claire C. Cecchi, U.S.D.J.

Here, defendant was "in custody" due to his New Jersey conviction at the time he filed the current petition for habeas corpus. (ECF #6 at 2). But he admits that his sentence for his conviction in New York had been fully served. (ECF #6 at 14; ECF #21-1 at 4). Under Maleng, he cannot meet the "in custody" requirement to challenge his New York conviction.

Moreover, under Coss, he cannot collaterally attack the validity of his New York conviction simply by attacking his New Jersey sentence. He already filed a petition for writ of habeas corpus challenging this conviction in New York, which was denied by the federal district court and affirmed by the Second Circuit. (ECF #21-1 at 9).

And, even if defendant could attack his New York conviction via his New Jersey sentence, defendant's arguments regarding the validity of his New Jersey sentence is moot because his sentence is complete. (ECF #22; see Affirmative Defense I).

POINT IV

> THIS COURT DOES NOT HAVE JURISDICTION TO
> REVIEW DEFENDANT'S CHALLENGE TO HIS NEW YORK
> CONVICTION.

This Court does not have jurisdiction to rule on defendant's attack on his New York conviction for an additional reason.

33

Claire C. Cecchi, U.S.D.J.

Because Congress added the "respective jurisdictions"
clause to prevent judges anywhere from issuing the Great Writ on
behalf of applicants far distantly removed, the traditional rule
has always been that habeas relief is issuable only in the
district of confinement.  Carbo v. United States, 364 U.S. 611,
617-18 (1961).  District courts are thus generally limited to
granting habeas relief "within their respective jurisdictions."
Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C.
§ 2241(a)).  The Supreme Court interprets this language to
require the court issuing the writ have jurisdiction over the
custodian.  Id.

On May 30, 2018, in litigation related to this case, this
Court severed defendant's civil rights complaint from his claims
of unlawful incarceration.  In a memorandum and order, this
Court observed that it "appear[ed] to have jurisdiction over a
habeas petition challenging the New York conviction" because
"the invalidation of his New York conviction could have
significant consequences for his New Jersey incarceration."
Baskerville v. Stapleton, No. 13-CV-1750 CCC, at *5 (D. N.J. May
30, 2018).  This Court added that it also "appear[ed]" to have
jurisdiction over Plaintiff's custodian, the warden of the
Northern State Prison in Newark, New Jersey.  Id.  This Court

34

Claire C. Cecchi, U.S.D.J.

noted, however, that its preliminary decision to sever the
claims did not mean that "[p]laintiff's habeas challenge would
or would not be barred by any procedural problems." Id.  This
Court further noted that, at that time, it lacked the "necessary
information . . . to make such determinations."  Id.

Now, with the benefit of a more comprehensive record, it is
clear that under Coss, defendant cannot collaterally attack the
validity of his New York conviction simply by attacking his New
Jersey sentence.  He already filed a petition for writ of habeas
corpus challenging this conviction in New York, which was denied
by the federal district court and affirmed by the Second
Circuit. (ECF #21-1 at 9).

And, though this Court did at one time have jurisdiction
over defendant's warden in New Jersey, defendant's arguments
regarding the validity of his New Jersey sentence are now moot
because his sentence in New Jersey is complete.  See Affirmative
Defense I.

### POINT V

TO THE EXTENT DEFENDANT HAS ANY VIABLE
HABEAS CLAIMS ATTACKING HIS NEW YORK
CONVICTION, HE HAS FAILED TO EXHAUST ALL
STATE REMEDIES.

To the extent that defendant can litigate the validity of
his New York conviction in this Court, which respondents

Claire C. Cecchi, U.S.D.J.

strongly dispute, defendant has failed to meet his burden of establishing that he exhausted all state remedies as to ground two. Defendant's own submissions to this Court show he filed a motion for a new trial on October 1, 2018 asserting these precise grounds in New York state court. (ECF #21-1 at 44 to 50).

A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To do so, a petitioner must fairly present all federal claims to the highest state court before bringing them in federal court. 28 U.S.C. §2254(b) and (c); Stevens v. Delaware Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002). A state prisoner must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007). This requirement ensures that state courts have the first opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duckworth v. Serrano, 454 U.S. 1, 3 (1981); United States v. Bendolph, 409 F.3d 155,

36

Claire C. Cecchi, U.S.D.J.

173 (3d Cir. 2005); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.

2000).

Whether a petitioner has exhausted available state remedies

is a threshold question in every case in which a petitioner

challenging a state conviction seeks habeas corpus relief. Hull

v. Kyler, 190 F.3d 88, 97 (3d. Cir. 1999); Mayberry v. Petsock,

821 F.2d 179, 182-83 (3d Cir. 1987); 28 U.S.C. §2254(b)(1). It

is the petitioner's burden in habeas to demonstrate that he or

she has satisfied the exhaustion requirement. Lines v. Larkins,

208 F.3d at 159; Lambert v. Blackwell, 134 F.3d 506, 513 (3d

Cir. 1997); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

A petitioner has exhausted his state remedies only when the

federal constitutional claim has been "fairly presented" to the

state courts, including the trial court, appellate and state

supreme courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004);

O'Sullivan v. Boerckel, 526 U.S. at 845; Vasquez v. Hillery, 474

U.S. 254, 257 (1986); Picard v. Connor, 404 U.S. 270, 278

(1971); Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002);

Lines v. Larkins, 208 F.3d at 159. A petitioner has "fairly

presented" his claim if he presented the same factual and legal

basis for the claim to the state courts in such a way as to

place them "on notice that a federal claim is being asserted."

37

Claire C. Cecchi, U.S.D.J.

McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). See Duncan v. Henry, 513 U.S. 364, 366 (1995).

"[M]ere similarity of claims" to state law claims "is insufficient to exhaust" state remedies. Duncan v. Henry, 513 U.S. at 366. An explicit citation to the constitution or to a federal case is necessary for a fair presentation of a constitutional claim in state court. Id.; Keller v. Larkins, 251 F.3d 408, 413-15 (3d Cir. 2001). A petitioner can fairly present his claim through: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, or (d) an allegation of a pattern of facts that is well within the mainstream of constitutional litigation. Nara v. Frank, 488 F.3d at 198; McCandless v. Vaughn, 172 F.3d at 261.

It is clear that a habeas petition that includes unexhausted as well as exhausted claims, i.e., a mixed petition, must be dismissed without prejudice. Rose v. Lundy, 455 U.S. 509, 522 (1982). An exception to the exhaustion requirement is made only if a return to the state courts would be futile because of an absence of an available state remedy or if the

38

Claire C. Cecchi, U.S.D.J.

corrective process is so clearly deficient as to render futile any effort to obtain relief. Duckworth v. Serrano, 454 U.S. at 3; Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004); Lines v. Larkin, 208 F.3d at 162-163; Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Wise v. Fulcomer, 958 F.2d 30, 33 (3d Cir. 1992).

Futility exists where: (1) a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those raised in the federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse itself; (2) where the state provides no means of seeking the relief sought, or (3) where the state courts have failed to alleviate obstacles to state review presented by circumstances such as the petitioner's pro se status, poor handwriting or illiteracy. Whitney v. Horn, 280 F.3d at 250; Lines v. Larkin, 208 F.3d at 162-163.

Futility is also established where exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims. Szuchon v. Lehman, 273 F.3d at 324. State remedies are considered unavailable only if state law clearly forecloses state court review or would hold the claim procedurally barred. Harris v. Reed, 489 U.S. 255,

39

                              Claire C. Cecchi, U.S.D.J.

263 n.9 (1989); <u>Lines v. Larkin</u>, 208 F.3d at 162-163; <u>Toulson v.</u>
<u>Beyer</u>, 987 F.2d at 988-989.   However, where a fair reading of
the state's post-conviction relief statute indicates that a
state court might well entertain constitutional claims not
raised in prior proceedings, federal courts cannot conclude that
petitioner has demonstrated compliance with the exhaustion
requirement.   <u>Jones v. Morton</u>, 195 F.3d 153, 156 (3d Cir. 1999);
<u>Gibson v. Scheidemantel</u>, 805 F.2d 135, 139 (3d Cir. 1986).

     Because defendant appears to still be litigating his claim
of innocence in state court, (ECF #21-1 at 44 to 50), and
because he has failed to carry his burden of proving exhaustion
of state remedies, <u>Lines v. Larkins</u>, 208 F.3d at 159, <u>Lambert v.</u>
<u>Blackwell</u>, 134 F.3d at 513, <u>Toulson v. Beyer</u>, 987 F.2d at 987,
this Court should dismiss defendant's petition without prejudice
to the extent that none of respondents' other affirmative
defenses as to ground two apply.

                                   40

                                    Claire C. Cecchi, U.S.D.J.

    WHEREFORE, respondents urge that this petition for habeas

corpus relief be summarily dismissed and no writ issued.


                         Respectfully submitted,

                         MARK MUSELLA
                         BERGEN COUNTY PROSECUTOR
                         ATTORNEY FOR RESPONDENTS

               BY:   /s/ Ian C. Kennedy
                     Assistant Prosecutor


Dated: November 22, 2019


                                 41

Claire C. Cecchi, U.S.D.J.

## TABLE OF EXHIBITS

1.   Petitioner's New Jersey Superior Court, Appellate
     Division direct appeal brief.  (Exhibit 1).

2.   Petitioner's direct appeal petition for certification
     to New Jersey Supreme Court.  (Exhibit 2).

3.   Petitioner's New Jersey Superior Court, Appellate
     Division post-conviction relief appeal brief and
     appendix.  (Exhibit 3).

4.   Petitioner's post-conviction relief petition for
     certification to New Jersey Supreme Court.  (Exhibit
     4).

5.   Petitioner's certification in support of additional
     jail credit in Law Division.  (Exhibit 5).

6.   Petitioner's brief supporting motion for additional
     jail credit in Law Division.  (Exhibit 6).

7.   Petitioner's pro se second post-conviction relief
     appeal brief to New Jersey Superior Court, Appellate
     Division. (Exhibit 7).

8.   Petitioner's pro se brief and appendix supporting his
     appeal to New Jersey Superior Court, Appellate
     Division.  (Exhibit 8).

9.   Petitioner's second post-conviction relief petition
     for certification to New Jersey Supreme Court.
     (Exhibit 9).