# KIMM LAW FIRM

| | | |
|---|---|---|
| 333 Sylvan Avenue, Suite 106 | | 214-25 42nd Avenue, Suite 2F |
| Englewood Cliffs, New Jersey 07632 | | Bayside, New York 11361 |
| Tel 201-569-2880 | **PLEASE REPLY TO** | |
| Fax 201-569-2881 | **ENGLEWOOD CLIFFS** | Email:  msk@kimmlaw.com |

February 12, 2020

By ECF

Hon. Claire C. Cecchi, USDJ
United States District Court
Martin Luther King Federal Building & Court House
50 Walnut Street
Newark, New Jersey 07102

> Re: <u>Baskerville v. Robinson, 18-cv-09873-CCC</u>

Dear Judge Cecchi:

We represent petitioner Martin Baskerville and we write to request discovery in this 2254 petition.

The courts direct discovery opportunity in habeas cases based upon the circumstances of the case.  It is settled that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." 28 U.S.C. § 2254; see Fed. R. Crim. P. 6.  In <u>Williams v. Beard</u>, 637 F.3d 195, 209 (3d Cir. 2011), the Court of Appeals has observed that discovery should be provided upon a showing of modest, "good cause":

> habeas petitioners are entitled to discovery only upon a showing of "good cause," and even then, the scope of discovery is subject to a district court's sound discretion. <u>See</u> <u>Harris v. Nelson</u>, 394 U.S. 286, 299-300, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969) (discussing pre-Rule 6 discovery standard); <u>Bracy v. Gramley</u>, 520 U.S. 899, 909, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (explaining that Rule 6 was meant to be consistent with Harris); see also <u>Deputy v. Taylor</u>, 19 F.3d 1485, 1493 (3d Cir. 1994) ("A district court sitting in a habeas case retains the discretion to permit additional discovery if the petitioner presents 'good cause' to do so.").  The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production. R. 6(b) R. Gov. § 2254 Cases; Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004); Murphy v. Johnson, 205 F.3d 809, 814-15 (5th Cir. 2000).

Page 2

The "good cause" standard is satisfied by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ. See Harris, 394 U.S. at 300; see also Lave v. Dretke, 416 F.3d 372, 380 (5th Cir. 2005)." Id.

As summarized in our Reply, and effectively admitted in the State's answer, the key facts are undisputed but the whereabouts of the records, and how those facts have come to be within the State's access in recent years, are critical facts that require discovery.

Paragraphs 2-4 of our Reply state:

2. On page 7 of the State of New Jersey's answer to the petition, it states in relevant part:

On October 1, 2015, the judge granted defendant 1693 days of jail credit for the following periods, many days of which defendant already had received credit in prior judgments: December 25, 1987 to May 7, 1988; **February 20 [1989] to August 15, 1989**; August 16, 1989 to November 21, 1990; December 19, 1990 to December 17, 1992; and February 18 to September 1, 1993. (ECF #6-7 at 106). The judge also ordered certain amendments to defendant's pre-sentence report. (ECF #6-7 at 106 to 107).

Emphasis added

3. In his petition and in various State of New Jersey proceedings, Mr. Baskerville has made repeated allegations that the State of New Jersey had failed to record his dates of incarceration inclusive of April 4, 1989; that the State of New Jersey had failed to disclose his dates of incarceration inclusive of April 4, 1989; and that the State of New Jersey had failed to inform the courts of the State of New Jersey and of New York, when information was sought, that Mr. Baskerville was in fact incarcerated in Bergen County Jail on his dates of incarceration inclusive of April 4, 1989.

4. In response to the petition, the State of New Jersey has now admitted that Mr. Baskerville had been, in fact, incarcerated on those dates inclusive of April 4, 1989, but has still failed to provide pertinent records that would enable Mr. Baskerville to prove that he was, in fact, incarcerated to the satisfaction of other tribunals.

Reply, ECF31.

The records Mr. Baskerville seeks are set forth in the attached discovery requests which have not been served since we would need the Court's leave to serve them.

Page 3

Within the undisputed dates and underlying fact of Mr. Baskerville being incarcerated in the Bergen County Jail from February 1989 to August 15, 1989, we seek the actual documentary records, since those records will clearly show that Mr. Baskerville was in jail in New Jersey during the April 4, 1989, alleged murder in New York for which he was charged and convicted.

Also within the undisputed dates and underlying facts, we seek the chain of custody records for Mr. Baskerville's jail records.  It is our understanding that for some period of time, Bergen Sheriff records were collected or maintained by a private entity before the Sheriff's Office resumed its direct custody of record-keeping.  The identity of such private entities, the periods of their engagement and whether they had actual custodial control over Mr. Baskerville's records are clearly warranted.

We will be happy to attend a discovery conference with the Chief Magistrate Judge or your Honor to discuss this very limited request for crucial discovery; and we are prepared to file a motion to this effect.

Respectfully,

 /s/ Michael Kimm

KIMM LAW FIRM
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm (MK4476)
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiffs*

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR, | 2:18-cv-9873-CCC |
| Petitioner, | |
| v. | |
| STATE OF NEW JERSEY, COUNTY OF BERGEN, BERGEN COUNTY SHERIFF'S DEPARTMENT, BERGEN COUNTY PROSECUTOR'S OFFICE, STATE OF NEW YORK, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN DOES 1 THROUGH 20, | **Petitioner's Reply to State of NJ's Answer to Habeas Petition** |
| Defendants. | |

Petitioner Martin Baskerville respectfully files this reply to the State of New Jersey's answer filed November 22, 2019, ECF28, which responded to the Petition for habeas corpus petition of Baskerville filed August 31, 2018, ECF6.

1. At the core of this petition, Mr. Baskerville maintains that he was incarcerated in Bergen County Jails on April 4, 1989, when on that specific date, he was alleged to have committed a homicide in New York, New York, for which he was later charged and convicted in New York.

2. On page 7 of the State of New Jersey's answer to the petition, it states in relevant

part:

> On October 1, 2015, the judge granted defendant 1693 days of jail credit for the following periods, many days of which defendant already had received credit in prior judgments: December 25, 1987 to May 7, 1988; **February 20 [1989] to August 15, 1989**; August 16, 1989 to November 21, 1990; December 19, 1990 to December 17, 1992; and February 18 to September 1, 1993. (ECF #6-7 at 106). The judge also ordered certain amendments to defendant's pre-sentence report. (ECF #6-7 at 106 to 107).

Emphasis added

3. In his petition and in various State of New Jersey proceedings, Mr. Baskerville has made repeated allegations that the State of New Jersey had failed to record his dates of incarceration inclusive of April 4, 1989; that the State of New Jersey had failed to disclose his dates of incarceration inclusive of April 4, 1989; and that the State of New Jersey had failed to inform the courts of the State of New Jersey and of New York, when information was sought, that Mr. Baskerville was in fact incarcerated in Bergen County Jail on his dates of incarceration inclusive of April 4, 1989.

4. In response to the petition, the State of New Jersey has now admitted that Mr. Baskerville had been, in fact, incarcerated on those dates inclusive of April 4, 1989, but has still failed to provide pertinent records that would enable Mr. Baskerville to prove that he was, in fact, incarcerated to the satisfaction of other tribunals.

5. On or about October 2, 2018, Baskerville's counsel, Kimm Law Firm, filed a motion to vacate conviction in the State of New York, the Supreme Court, County of New York, where he was wrongfully convicted for an alleged April 4, 1989, homicide, on the grounds of actual innocence on the basis of being jailed in Bergen County during the dates

inclusive of April 4, 1989.  In May 2019, the New York County Supreme Court denied Baskerville's petition, on procedural grounds.

6. The procedural grounds were because the evidence accessible to Mr. Baskerville came only in the form of court jail credits with no underlying records.  The underlying records pertaining to proof of Mr. Baskerville's arrest; initial detention; finger printing, mug shot, inmate processing; and related records have been withheld by the State of New Jersey to the detriment of petition under <u>Brady v. Maryland</u>.

7. Because of the continued withholding of evidence, Baskerville is entitled to discovery and compelled process issued by the Court to coerce the State of New Jersey to produce such basic records as outlined in paragraph 6.

WHEREFORE, petitioner respectfully requests that (1) the State of New Jersey be compelled to produce the full range of jail records; (2) the Court grant the relief requested in the petition in its entirety.


Dated: February 3, 2020                    /s/ Michael Kimm___
                                           Michael S. Kimm
                                           KIMM LAW FIRM
                                           Attorneys for Defendant
                                           214-25 42nd Avenue, Suite 2F
                                           Bayside, New York 11361

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Michael S. Kimm (MK4476)
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Petitioner*

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR, | 2:18-cv-9873-CCC |
| Petitioner, | |
| v. | |
| STATE OF NEW JERSEY, COUNTY OF BERGEN, BERGEN COUNTY SHERIFF'S DEPARTMENT, BERGEN COUNTY PROSECUTOR'S OFFICE, STATE OF NEW YORK, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN DOES 1 THROUGH 20, | **Petitioner's Discovery Requests Under Fed Civ. R. 33 and 34** |
| Defendants. | |

To the State of New Jersey:

    Please take notice that the State of New Jersey, as Respondent, is hereby required

to respond, separately, to the following discovery demands under Rules 33 and 34 of the

Federal Rules of Civil Procedures within 30 days.

Dated: February 12, 2020                    /s/ Michael Kimm
                                             Michael S. Kimm, Esq.
                                             KIMM LAW FIRM
                                             333 Sylvan Avenue, Suite 106
                                             Englewood Cliffs, NJ 07632
                                             Tel 917-477-8500
                                             Attorneys for Petitioner

## DEFINITIONS AND SCOPE

Unless otherwise expanded in each request below, the "Relevant Period" is December 1, 1987, to September 30, 1993.

"Documents" means paper and electronic records.

## PETITIONER'S DOCUMENT REQUESTS

1. Petitioner's arrest records including finger print card, mug shot, and pedigree documents during the Relevant Period.

   **RESPONSE:**

2. Petitioner's jail-housing records during the Relevant Period.

   **RESPONSE:**

3. Bergen County Sheriff's outsourcing of jail record-keeping during the Relevant Period, showing the identity(ies) of such outsourced-custodian of records.

   **RESPONSE:**

4. All records relating to efforts to locate "lost" jail records pertaining to the Relevant Period, after the Relevant Period.

   **RESPONSE:**

5. All records relating to flooding of Bergen County Sheriff's Offices or Bergen County Jail Records facilities during the Relevant Period.

**RESPONSE:**


6. All records relating to the identities of personnel who handled jail records during the Relevant Period.

**RESPONSE:**


7. All records in the nature of request for records received from Baskerville by Bergen County Sheriff or State of New Jersey at any time after December 1, 1987.


8. All responses provided to Baskerville by Bergen County or State of New Jersey after receiving and processing Baskerville's requests set forth in No. 7 above.


## PETITIONER'S INTERROGATORIES

1. Identify the person completing these Interrogatories.

**RESPONSE:**


2. Identify all persons with knowledge or information concerning the essential

3

basis of the petition for habeas corpus relief filed by Baskerville.

**RESPONSE:**

3. Describe in detail all flooding of the Bergen County jail during the Relevant Period.

**RESPONSE:**

4. Describe in detail how the Bergen County jail records were maintained including the chain of custody during the Relevant Period.

**RESPONSE:**

5. Identify all private entity(ies) that contracted to service Bergen County Sheriff Office's record keeping responsibilities during the Relevant Period.

**RESPONSE:**

6. Describe all dates on which Baskerville requested his arrest and jail records pertaining to the Relevant Dates.

**RESPONSE:**

7. Describe all dates when Bergen County Sheriff or the State of New Jersey

4

responded to the requests described in No. 6.

**<u>RESPONSE:</u>**

[end]