| MARK MUSELLA<br>Bergen County Prosecutor | **Office of the County Prosecutor**<br>County of Bergen<br>Two Bergen County Plaza<br>Hackensack, New Jersey 07601<br>(201) 646-2300 | DENNIS CALO<br>First Assistant Prosecutor<br><br>THOMAS MCGUIRE<br>Executive Assistant Prosecutor<br><br>ROBERT ANZILOTTI<br>Chief of Detectives |
|---|---|---|

February 18, 2020

Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
    for the District of New Jersey
Martin Luther King, Jr., Federal Bldg. & Courthouse
50 Walnut Street
Newark, New Jersey 07012

> Re: <u>Martin Luther Baskerville v. George Robinson, et al.</u>
>     Civil No. 18-09873 (CCC)

Your Honor:

I am the assistant prosecutor assigned to represent respondents in the above-captioned matter. Respondents oppose petitioner's recent letter request, dated February 12, 2020, for discovery regarding his custodial status from thirty years ago. (ECF #32).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). "[H]abeas petitioners are entitled to discovery only upon a showing of 'good cause,' and even then, the scope of discovery is subject to a district court's sound discretion." <u>Williams v. Beard</u>, 637 F.3d 195, 209 (3d Cir. 2011).

"A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." <u>Id.</u> Importantly, "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." <u>Id.</u>



*A State Accredited and Nationally Recognized Law Enforcement Agency*

As part of the good-cause analysis, courts consider the petitioner's diligence in developing the record in state court. Hooks v. Workman, 606 F.3d 715, 730-31 n.14 (10th Cir. 2010) ("Only when a petitioner diligently sought to develop the factual basis of a habeas claim in state court can he utilize the procedures set out in Rule[ ] 6[.]"); accord Moore-El v. Luebbers, 446 F.3d 890, 900-01 (8th Cir. 2006); Crawford v. Head, 311 F.3d 1288, 1329 (11th Cir. 2002); Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991); Byrd v. Armontrout, 880 F.2d 1, 7 (8th Cir. 1989).

As an initial matter, petitioner's letter request and reply (ECF #31 and #32) to the respondents' answer (ECF #28) do not address the numerous procedural and substantive deficiencies that are fatal to petitioner's habeas claims. Among other defenses, respondents assert that Baskerville's petition is moot, fails to state a claim for which habeas relief may be granted, fails to meet the "in custody" requirement, asserts a claim that is not fully exhausted, and is filed in the wrong jurisdiction. (ECF #28).

Because these defenses make petitioner's dubious factual claim about his whereabouts on April 4, 1989 irrelevant to his habeas petition, petitioner falls far short of meeting his burden for discovery in this matter. Petitioner has not "set forth specific factual allegations which, if fully developed, would entitle him . . . to the writ." Beard, 637 F.3d at 209. In fact, petitioner has simply ignored the many arguments advanced in respondents' answer that make his discovery request irrelevant to the outcome of his habeas petition.

Though it is unnecessary for this Court to address the issue, respondents nonetheless reemphasize that we deny that defendant was in Bergen County Jail on April 4, 1989. Respondents answer in this matter merely noted that defendant received jail credit for that day; reciting the procedural history by no means amounted to any kind of concession.

Indeed, the credible documentary evidence proves that petitioner was not in Bergen County Jail on April 4, 1989. For example, as explained more fully in prior filings with this Court, transcripts of petitioner's New York murder trial show that five witnesses testified that they saw petitioner in Hackensack or Englewood, New Jersey on April 4, 1989 (not in Bergen County Jail). Moreover, defendant, himself, stated in 1989 and again in 1993 that he was not in Bergen County Jail on

that date. (ECF #23 at 12 to 13; ECF #28 at 19 to 22). To date, petitioner has not even tried to explain these glaring contradictions of his woefully belated claim.

Finally, despite petitioner's claim that he was convicted of murder in New York on a date that he was in custody in Bergen County Jail, he cannot point to a single documented assertion of this assertion at his murder trial or well over a decade thereafter. (ECF #28 at 24 to 26). Petitioner certainly claimed that he did not receive all of the jail credits to which he was entitled for his criminal conviction in New Jersey, but he did not assert that he was in jail on April 4, 1989.

For this reason, petitioner's lack of diligence in developing this record in the state court is yet another reason that he cannot establish "good cause" to permit discovery for these more than three-decades-old records.

                Respectfully submitted,

                MARK MUSELLA
                BERGEN COUNTY PROSECUTOR
                ATTORNEY FOR RESPONDENTS

        BY:  /s/ Ian C. Kennedy
              Assistant Prosecutor
              Bergen County Prosecutor's Office